Filed June 4, 1895.

---

No. 16,998.

## THE PEOPLE'S MUTUAL BENEFIT SOCIETY v. McKAY.

LIFE INSURANCE.—*Admission of Cause of Action and Right of Recovery, But Amount Disputed.*—Where, in an action on an insurance policy the insurer "admitted the validity of the plaintiff's demand, except as to the amount plaintiff was entitled to recover," and "admitted its liability to plaintiff, except as to the amount plaintiff was entitled to receive," all questions as to the insurable interest of plaintiff were expressly waived, and were no longer in issue.

SAME.—*Admission, Effect of.— Waiver.*—Such admission having been received and acted upon, it became a fixed fact in the case as much as if it had formed a part of the answers, and can not be withdrawn or limited in its operation, and must stand as a waiver of such questions for all purposes.

SAME.—*Burden of Proof.— That Plaintiff is not Entitled to Recover Maximum Amount of Policy.—Facts Peculiarly Within Defendant's Knowledge.*—Where the only issue in an action on an insurance policy is the amount of recovery, the policy calling for $4,000, unless eighty per cent. of the assessment for its payment should not equal such sum, the membership, the amount of assessment, the losses participating in such amount, the extent of lapses, were matters peculiarly within the knowledge of the insurance company, and, upon the issue presented, the burden of proving that the allotment to the

policy was less than the maximum thereof, rested upon the insurance company, the defendant.

SAME.—*Prima Facie Case.*—The plaintiff made a *prima facie* case authorizing a recovery of the amount of the policy by showing the issuance of the policy or certificate, performance of its conditions by the claimant and the insured, and a failure of performance on the part of the insurer.

SAME.—*Finding as to Amount of Recovery.*—*Indefiniteness.*—*Law and Fact.*—Where the jury found that the amount of recovery should vary according to three contingencies, viz., $312, $312 and interest from a date stated, or $4,000, as the law should require under the facts found, the finding was not so indefinite as to vitiate it. Under the facts found, it became a question of law as to which of the three sums should constitute the recovery.

SAME.—*Special Finding, Insufficiency.*—*Burden of Proof.*—A finding that there was $41,190.96 in the pool from which to pay 158 claims, in amounts not found, is not sufficient to discharge the burden resting upon the insurance company to show that the plaintiff was not entitled to recover the amount of the policy.

From the Elkhart Circuit Court.

*O. Z. Hubbell* and *H. C. Dodge*, for appellant.
*J. W. Van Fleet* and *W. H. Hauenstein*, for appellee.

HACKNEY, C. J.—The appellee sued the appellant upon a policy of life insurance issued by the appellant upon the life of George Parliament, the appellee's father, providing an insurance "for a sum not to exceed four-fifths of the amount collected from one assessment on all the members (of this class). * * * If death occurs after three years the amount * * shall not exceed four thousand dollars."

One of the conditions of said policy was: "That the society shall at no time, nor under any circumstances, make to exceed two assessments per month, and the losses of each alternate two months of each year, beginning with the first two months, shall be paid by the assessments of the following two months. Losses of January and February, paid by the March and April assessments, and the March and April losses by May and June assess-

ments, etc. But should the losses of any two months amount to more than eighty per cent. of the amount collected from the four assessments of the two months following then and in every such case the eighty per cent. of the amount collected from the four assessments of the two months following shall be divided *pro rata* among the beneficiaries of said two months' losses, and the amount so divided shall be received and accepted as full payment of the certificate or certificates held as afore-said. Should one assessment be sufficient to pay two months' losses then only one assessment shall be made during the two months. If two are required two will be made, one each month, etc. All losses shall be considered as having occurred in the months in which the proofs of death are approved by the society."

There were five paragraphs of complaint and five paragraphs of answer. The fourth paragraph of complaint was withdrawn and questions were made upon motion to make more specific and demurrer to the other four paragraphs, while the sufficiency of the answers was questioned upon demurrer and the ruling of the court in sustaining the second and fifth answers is assigned as cross-error.

At the trial the appellant by counsel, Henry C. Dodge, made the following statement, admission and waiver to the court, the jury and counsel for the appellee: That he "admitted the validity of the plaintiff's demand against the defendant except as to the amount plaintiff was entitled to recover and announced, as aforesaid, that the defendant admitted its liability to the plaintiff, except as to the amount plaintiff was entitled to receive, and announced, as aforesaid, that the defendant would confine its defense wholly to the second and fifth paragraphs of its answer, and the said acts on the part of

said Henry C. Dodge were done in accordance with the instructions of the defendant and in accordance with the instructions of Ephraim T. Gilman, the vice-president of the defendant, who was then present in court and representing the defendant therein and who then and there agreed to the same." The plaintiff did not then introduce any evidence, but the case proceeded to trial upon the issues formed upon the second and fifth paragraphs of defendant's answer.

The appellant's said second and fifth paragraphs of answer sought only to limit the recovery to the sum of $312 under the condition of said policy above quoted.

The cause was submitted to a jury, and the trial resulted in a special verdict, which found that said policy with said condition was, on the 27th day of March, 1885, issued to the appellee upon the life of her father, George Parliament; that all of the conditions of the policy on her part, including payment of assessments and membership fees, had been fully performed by the appellee; that said Parliament died on the 7th day of January, 1892; that proofs of death were made as required by the terms of the policy; that the policy had been taken out by the appellee with the written consent of the insured; that the action had been commenced within the time limited by the policy; that the appellant was a mutual benefit association, having no capital and paying its losses from assessments upon its members, according to the provisions of its by-laws.

It was found, also, that under one of its by-laws the appellant provided that its mortuary fund should consist of eighty per cent. of the full amount collected from assessments in any given pool, and should be distributed among the beneficiaries of deceased members, whose claims were approved, with the pool next preceding the one in which the assessment was levied, and as follows:

"Each claimant, if not otherwise settled with, shall be entitled to first receive the full amount of assessments that have been paid to the society on account of his certificate or certificates in which he or she is beneficiary on his or her *pro rata* share thereof; if more than one beneficiary, and in addition thereto, he or she shall also receive her *pro rata* share of the balance of said mortuary fund remaining after said assessments and money paid on previous settlements are deducted; in other words, the balance of said mortuary fund will be divided equally among the shares approved in said pool not previously settled; and it, together with the assessments aforesaid, shall be paid to said claimant and the amount so divided shall be considered as payment in full of the certificate terminating in said pool, and shall be so received by the beneficiary named thereon or the legal holders thereof, who shall properly receipt the same in accordance therewith, and deliver them to the society at Elkhart, Indiana, upon the payment to them of said sum. All shares maturing shall be paid with the pool of the months in which the proofs of death maturing the same are approved by the society. In case any shares mature, the payment of which is contested by the society, and a judgment is rendered in favor of the plaintiff, said shares shall be placed in and paid equally with the shares of the pool then forming."

It is further found that on the 1st day of March, 1892, appellant levied an assessment upon all the members of said association in accordance with its by-laws at that time; that eighty per cent. of said assessment levied and paid amounted to the sum of $41,524.53; that 158 other claims, representing 1,164 shares, were entitled to distribution in said pool created by levying said assessment; that from said $41,524.53, the sum of $333.57 was paid

out on one claim, leaving a balance of $41,190.96 with which to pay said remaining claims.

It is found also that appellant made but one assessment during the months of May and June, 1892; that in the month of February, 1892, the defendant levied and collected the regular assessment upon all its members, and retained therefrom twenty per cent. of the same for expenses of the company; that on September 17, 1892, appellee demanded payment of the policy or that an assessment be made to pay it, but the appellant refused to do either, or to pay any sum thereon. It is further found that the by-law above found was enacted after the issuance of appellee's policy and without her agreement or consent.

The special verdict concludes in the following words: "If upon the foregoing facts the law is with the plaintiff, and she is entitled to three hundred and twelve dollars, then we find for plaintiff, and assess her damages at three hundred and twelve dollars. If upon the foregoing facts the law is with the plaintiff, and she is entitled to three hundred and twelve dollars, and interest on the same from the 17th day of September, 1892, then we find for the plaintiff, and assess her damages at three hundred and twelve dollars, and interest on the same from the 17th day of September, 1892, to date.

If upon the foregoing facts the law is with the plaintiff, and she is entitled to four thousand dollars, then we find for the plaintiff, and assess her damages at four thousand dollars. If the law is with the defendant, we find for the defendant."

The circuit court denied appellant's motions for a *venire de novo*, for judgment on the special verdict and for a new trial, and sustained the appellee's motion for judgment in her favor for four thousand dollars, and overruled appellant's motion to modify the judgment as

to the amount thereof. These rulings, with those above mentioned, as to the sufficiency of the complaint, and upon the motion to make more specific the fifth paragraph of complaint, are urged by the appellant in seeking a reversal of the judgment.

We are first to consider the effect of the appellant's admission and waiver upon the trial, both as to the issues submitted and returned by the jury, and as to the alleged errors assigned in this court. The objection to the second paragraph of complaint was that it alleged no fact disclosing an insurable interest on behalf of the appellee in the life of the insured, while appellee contended that the allegation that the insurance was taken by her "with the written consent of the insured" was sufficient under sections 4902, 5048, 5049 and 5050, R. S. 1894. The objection to the fifth paragraph of complaint, both upon motion to make more specific and upon demurrer, was that the allegation that the insured and the appellee both resided in the State of Michigan at the time of the issuance of the policy or certificate, and that under the laws of that State the appellee was charged with a duty of supporting indigent parents did not disclose an insurable interest in the life of the insured; that it should appear that appellee continued to reside in that State up to the time of the death of the insured.

Upon others of the motions made, as we have stated, the appellant sought to save the question as to whether the appellee held an insurable interest in the life of her father. It is insisted by the appellant that the effect of the admission above referred to was only to waive the introduction of evidence and not as admitting a right of recovery. This, in our opinion, is not the effect of the admission, but, when accepted and acted upon by the appellee and by the trial court, it was equivalent to a waiver of any question of the appellee's right of recovery

and an express limitation of. the issue to the amount of the recovery, as presented by the second and fifth paragraphs of answer. The appellant "admitted the validity of the plaintiff's demand against the defendant, except as to the amount plaintiff was entitled to recover" and "admitted its liability to the plaintiff, except as to the amount plaintiff was entitled to receive, and announced * * that the defendant would confine its defense wholly to the second and fifth paragraphs of its answer." All questions, therefore, as to the insurable interest of the appellee were expressly waived and were no longer in issue. Evidence upon them was not required, and without it a finding of the facts relating thereto was not only unnecessary but was impossible. Having thus conceded the cause of action and right of recovery, and the concession having been received and acted upon, it became a fixed fact in the case as much as if it had formed a part of said answers. It can not now be withdrawn or limited in its operation and must stand as a waiver of such questions for all purposes.

The motion for a *venire de novo* and the motion for judgment in appellant's favor are conceded to present the same question, namely: that the verdict did not find definitely an amount which the appellee should recover in the event the law should be with her. It is not necessary to our conclusion that we determine which motion pursued the proper practice. As we have said, the issue tried was confined to the question of the amount of recovery authorized; the jury found the issuance, terms and conditions of the policy, the amount of the pool from which the appellee's loss, if approved, should have been paid, the number of claims against such pool or fund and the number of shares to participate therein, but did not find the proportion sustained by such claims or shares to the fund nor the proportion of said fund appli-

cable to the appellee's claim or any claim against such fund.

It is insisted by the appellant that the burden of showing what proportion of said fund was applicable to this policy was upon the appellee, while the appellee maintains that the insurance was for $4,000, unless eighty per centum of the assessment for its payment should not equal said sum; that the membership, the amount of the assessment, the losses participating in said amount, the extent of lapses, etc., were matters peculiarly within the knowledge of the appellant, and, upon the issue as presented by the answers and waiver of the appellant, the burden of proving that the allotment to said policy was less than the maximum thereof rested upon the appellant. We have no doubt, under the decisions in this State, that the appellee's position is correct. *Elkhart Mutual, etc., Assn.* v. *Houghton,* 103 Ind. 286; *Supreme Lodge, etc.,* v. *Knight,* 117 Ind. 489; *People's Mut., etc., Society* v. *Werner, Admx.,* 6 Ind. App. 614.

In *Supreme Lodge, etc.,* v. *Knight, supra,* the policy insured for $2,000 with a provision that if there should be less than 2,000 members subject to assessment to pay said policy the same should be paid at the rate of one dollar to each member in good standing in the class to which such policy belonged. It was there held that the number of members being a matter peculiarly within the knowledge of the insurer, the burden was on the latter to establish the insufficiency of the collected assessment to pay the full amount of the policy. It was held also that the claimant made a *prima facie* case, authorizing a recovery of the amount of the policy, by showing the issuance of the certificate, performance of its conditions by the claimant and the assured and a failure of performance on the part of the insurer.

The appellant's learned counsel attempt to distinguish

the cases cited from the present by the claim that in such cases the policies provided an insurance for a sum certain, with a condition that if the fund raised by assessment should not be sufficient the payment should be equal only to the fund raised. We do not observe the distinction. The policy before us promises a definite maximum sum, $4,000, and contains the condition that if a certain fund to be raised is not sufficient to pay that sum payment may be made with the fund raised for that purpose. The policies in the cases cited did not differ from that before us upon the question under consideration. It is plain, therefore, that the appellee's right of recovery was of the $4,000, unless it was made to appear that the fund from which the loss was payable was insufficient to pay that sum. The burden of that issue was assumed by the appellant's answers and admissions and was cast upon the appellant by the law. If not discharged the sum appellee was entitled to recover was $4,000.

It is said that the finding as to the sum of the recovery was indefinite by reason of the conclusion that the sum should vary according to the three contingencies stated, namely, $312, $312 and interest from a date stated, or $4,000, as the law should require under the facts found. We are unable to agree with counsel in this position. No fact is required to be supplied by the court upon the conclusions of the jury. Upon the facts returned, it became a question of law, and not one of fact, as to which of the three sums should constitute the recovery.

That the second sum should have required a calculation, does not render it objectionable as an indefinite finding. *Dawson* v. *Shirk*, 102 Ind. 184.

If the facts found did not discharge the burden resting upon the appellant under its answers and admissions,

then it would appear that there was no contingency in which $312 would be recoverable under the law, and that the only possible recovery would be the sum of $4,000 if there were no facts found defeating a recovery upon the *prima facie* case admitted by the appellant and found by the jury from the policy, its conditions and the compliance with its terms by the appellee. The two contingencies involving $312 or $312 and interest, in the event stated, would be treated as surplusage, and entirely disregarded.

In our opinion, the finding that there was $41,190.96 in the pool from which to pay 158 claims, in amounts not found, is not sufficient to discharge the burden resting upon the appellant. From such finding it could not be ascertained what proportion of said pool or fund was properly subject to the payment of this claim, if any. A necessary fact not found is presumed not to have been proven, when considering the special verdict. *Town of Fowler* v. *Linquist*, 138 Ind. 566.

The appellant's motion to modify the judgment for the reason that it was excessive, we may say, without considering the form or sufficiency of the motion, was correctly overruled if our holding that the finding authorized a judgment for $4,000 is correct.

The appellant's motion for a new trial assigned as reasons therefor:

1. That the verdict was not sustained by the evidence.

2. That the verdict was contrary to law.

3. That the verdict was contrary to the law and the evidence.

The motion properly raised the question that necessary facts were proven but were not found by the jury. *Young* v. *Berger*, 132 Ind. 530; *Branson* v. *Studabaker*, 133 Ind. 147; Elliott App. Proced., section 757.

The motion does not raise an objection to the special verdict that the damages are excessive.

The appellant's counsel urge that, "The special verdict finds as a fact, in the sixteenth finding of facts, * * * every material fact set up in the * * answers, and an assessment of damages of four thousand dollars would be clearly contrary to law and the evidence. The whole evidence, uncontradicted, sustains that finding of facts."

While appellant's position that $4,000 was excessive may be correct, that position was directed to the judgment of the court upon the motion to modify, and we there passed upon it adversely to the appellant. The verdict, upon the facts returned, was not, as we have shown, excessive in the return of $4,000. With the above quotation from appellant's brief it is utterly inconsistent to contend that the special verdict omitted findings of facts proven by the evidence and alleged in the answers, yet it is argued that the jury should have found that appellee was entitled to $312, because a witness testified, uncontradicted, to the conclusion that such sum was that to which appellee was entitled in repayment of the money paid in by her, and that the fund of $41,524.53 had been consumed in paying claims against it. The embarrassment appellant's position meets in resorting to the evidence to support a possible finding in appellee's favor for but $312, the sum claimed to have been paid in by her, payable from said pool of $41,524.53, is in the positive and uncontradicted proof that instead of approving appellee's claim and assigning it to said pool for payment in any sum the claim "was not approved and was not tabulated."

All of the evidence and the finding of the jury as to said pool, its sources and its disposition, were insufficient to establish an interest in the appellee in such pool, and

the case was left, upon the evidence and the face of the verdict, to be determined without reference to the pool. Appellee was not entitled to enter any pool and receive distribution therefrom unless her claim had been approved and tabulated for participancy in the pool derived from assessments levied to pay such claim and other claims belonging to the number levied for. The issue, the burden of which we have shown, rested upon the appellant, namely: that of proving that appellee's admittedly valid claim and her right of recovery were in a sum less than the maximum obligation of the policy, has not been established by the evidence nor found by the jury, and the judgment of the circuit court was proper.

In the argument of questions presented in this case, counsel for the appellant have so far forgotten their privileges as to impugn the motives and reflect upon the integrity of the judge of the circuit court. A class of attorneys practicing in this court, we regret to say, habitually commit this error, and we are constrained, at this time, to say that this practice not only tends to detract from the high esteem in which the trial courts of our State are justly held, but it belittles the station of those who indulge in it, and it brings them no better standing before this court, and certainly adds no strength to the causes they espouse. We are not entertained by reading reflections upon the trial judges, and when their characters are not an issue in the cause, we hope to ever presume that their actions are guided by honorable and conscientious purposes. At best, all of mankind make mistakes, and it is surprising that in the vast and complicated business of the trial courts, conducted, as it must be, with dispatch, so few mistakes are made. That mistakes or misjudgment or, we may say, mere differences of opinion should not be characterized as insincere or dishonest, is a rule that counsel would insist upon in

their own behalf, and should, therefore, be accorded by them to others.

In the present instance, not only was the judgment of the trial court not tainted with partiality, but, in our opinion, it was legally correct.

The judgment is affirmed.

Filed Dec. 11, 1894.

### On Petition for a Rehearing.

HACKNEY, J.—The petition for a rehearing advances no question not considered in the original hearing, but the apparent earnestness and sincerity of counsel in claiming that we erred in construing the policy in this case to be similar to those in other cases cited by us upon the question of the burden of proof, induces us to add to what was said in the former opinion.

The appellee's policy insured for an amount not to exceed $4,000, but provided that its payment should consist in and not exceed four-fifths of the sum collected from one assessment of the members. This, it is insisted, is not an insurance for a definite sum, and should be distinguished from the cases of Houghton, Knight and Werner, cited by us.

In the first of those cases, and substantially so in the others, the policy insured for "$1,000, or so much thereof as may be realized from one assessment, not exceeding $1,000."

In either policy the maximum sum was stipulated, and its payment depended upon the uncertain amount collected from an assessment, but in either case no more should be paid than the collection for that purpose. If, in principle, there is any difference in the policies, we do not yet comprehend it. That there are mere verbal differences, is conceded. But if there should be found a difference in the effect of the policies as to the princi-

ple or theory upon which the insurance should be paid, we discover no room for distinction in the application of the principle of law announced in the cases cited.

In the Houghton case, it was said, at p. 288: "It would be difficult, if not impossible, for appellee to know how many members of the association there are. The books of the association doubtless show the number. These books are in the possession and custody of the officers of the association. If the members are such, in number, that an assessment would not produce $2,000, that fact is known to the officers of the association, and they should set it up in an answer, and make good the answer by proof, as they readily could if true. This, we think, is the reasonable rule to apply in a case like this, and especially where, as here, the insurer contests the claim upon other grounds, and utterly refuses either to pay or make an assessment."

Why this rule is not applicable to the case in hand we are not advised by counsel further than in the claim that in the present policy no definite insurance is provided, while in the case from which we quote a definite sum was insured. The distinction, if it existed, would make no difference in the application of the rule of law.

It is again insisted that the waiver could not obviate the necessity for a finding, in the special verdict, of such facts as disclosed in the appellee an insurable interest. We held that the waiver had the effect to limit the issue to the amount of recovery, and there is neither reason nor authority for the contention that the jury should return facts outside the issue submitted to them. *Belshaw* v. *Chitwood*, 141 Ind. 377.

The waiver became a fact in the case, of which the court was placed in possession by the record, and its legal effect was for the court. If the jury had been required to return any fact with reference thereto, it could

have been but the statement of counsel, which, from the appellant's standpoint, would have been but evidentiary. The conclusion of the court could not have been aided by it, and being but evidentiary, it had no proper place in the verdict.

The petition is overruled.

