Filed June 5, 1895.

---

No. 17,328.

## PETERSON *v.* SOHL.

REAL ESTATE.—*Boundary Lines as Marked Out by Grantor, When can not be Varied.— Mistake by Grantor.—Improvements up to Line.*— Where one makes an agreement for the purchase of lands, enters and makes valuable improvements upon, and pays for, the same; and the grantor marks out and stakes the boundary lines, and consents that the grantor make valuable improvements and build to the lines so fixed,—then every principle of justice requires that the lines so fixed and acted upon should be maintained.

SAME.—*Boundary Lines as Marked Out by Grantor, as Appears on Plat.* —*Variance.*—In such case the line agreed upon is the true one, and can not be varied for the reason that the grantor, in making his plat, was mistaken as to the exact location of the line on his paper.

From the Porter Circuit Court.

*E. D. Crumpacker, T. S. Fancher,* for appellant.

*T. J. Wood,* for appellee.

HOWARD, C. J.—From the special finding of facts in this case it appears that in 1884 one Henry W. Sohl was the owner in fee of a tract of land in the city of Hammond known as "allotment number six;" that during said year said Sohl, by an oral agreement, sold to appellant a part of said allotment, which part so sold was at the time by the said Sohl staked out and marked off, and the appellant, with the consent of said Sohl, at once went into possession of the same under said agreement, "and during the year 1884, and after said purchase, the defendant (appellant) constructed a dwelling house upon said land within eight inches of the east line thereof, as marked off and fixed by said Sohl, and which was the true eastern boundary of the land so purchased" by appellant; that in May, 1886, said Sohl platted said "allotment number 6" as "H. W. Sohl's second addition to the city of Hammond;" that after the making and recording of said plat said Sohl stated and represented to the appellant that lots 25 and 26, in block 1 thereof covered and included all of the land that said Sohl had sold to the appellant and marked off to him as aforesaid, "and that the east line of lot No. 25, as shown by said plat, was upon the identical line marked and established by said Sohl as the east line of the parcel theretofore sold by said Sohl to the appellant; that said Sohl asked the appellant to reduce their said contract to writing, and appellant "relying upon and believing the statements of said Sohl respecting the location of the east line of

said lot 25, and believing that said lots 25 and 26 cov-
ered and included the entire parcel sold to him as afore-
said, he entered into a written contract with said Sohl on
the 9th day of June, 1886, to stand in lieu of said parol
agreement, by the terms of which said Sohl undertook
and agreed to convey to the (appellant) said lots 25 and
26 as and for the premises sold by the said Sohl to the
(appellant) under said parol agreement, in consideration
of the purchase-price originally agreed to be paid;'' that
thereafter appellant ''constructed two other buildings
upon said property close to and adjoining the one he first
constructed thereon as aforesaid, and otherwise improved
and occupied said property by and with the knowl-
edge and consent of said Sohl;'' that the appel-
lant ''performed all the work that he had undertaken
to perform as the purchase-price of said property,
and fully paid for the same, but said Sohl failed to
convey the same to him, and on account of said failure
the (appellant) brought suit in the Lake Circuit Court to
compel said Sohl to perform said contract and to execute
a deed in accordance with the same, and at the Septem-
ber term, 1888, of said court the (appellant) obtained a
decree against said Sohl and the (appellee, who was the
wife of said Sohl), directing the specific enforcement of
said contract and ordering said Sohl and the (appellee,
his wife) to execute to the (appellant) a deed conveying
to him lots 25 and 26 in said subdivision.''   Said deed
was accordingly made and by the appellant placed upon
record; that the appellant, ''at the time he entered into
said written contract and at the time he commenced said
action and obtained the decree, and at the time he ac-
cepted the deed, believed in good faith that the east line
of said lot 25, as shown by said plat, was upon the line
marked out and established by the said Sohl as the east-
ern boundary of the land purchased by (appellant) un-

der said parol agreement before it was platted, and so relying and believing, accepted said deed and improved and occupied said land as aforesaid; that he had no notice, knowledge or intimation of any kind to the contrary until about the first of April, 1892;'' that the east line of said lot 25, as platted, is, in fact, twelve feet west of said line marked out and fixed by said Sohl as the eastern line of the land sold by him to the appellant, and the line dividing lots 24 and 25 in said plat runs through the house constructed on said land in the year 1884; that at the time of the original agreement said Sohl was unmarried, but he subsequently married the appellee and afterwards died intestate, and by proper partition proceedings, said lot 24 was set off to appellee; that after said land was platted said Sohl stated and represented that said lots 25 and 26 covered all of the land purchased by appellant, and that the east line of lot 25 was upon the line marked and fixed by said Sohl as and for the east boundary of the tract purchased by appellant as aforesaid, and the appellant relied upon said representations and statement and believed them to be true and had no notice or knowledge to the contrary, and, so believing, entered into said written contract and made valuable improvements upon said land with reference to said line, which improvements were made with the full knowledge and consent of said Sohl; that he has continued his occupancy and possession of said land ever since.

As conclusions of law from these facts the court found that the appellee was the owner of the twelve-foot strip in controversy, and that the appellant should be ejected therefrom and the appellee be put in possession.

Counsel for appellee urges, in support of the conclusions of law, that the right to the twelve-foot strip was adjudicated, or at least that it might have been adjudi-

cated, in the suit for specific performance brought by appellant in the Lake Circuit Court in 1888.

That was a suit to compel the appellee and her then living husband, Henry W. Sohl, to make a deed to appellant for lots 25 and 26 in accordance with the written agreement therefor. This is a suit by appellee to obtain possession of what appellant claims to be the east twelve feet of lot 25. There was no question of boundary in the suit for specific performance. Henry W. Sohl declared, and appellant believed, that the eastern boundary of lot 25 and the eastern boundary of the land sold to appellant by appellee and her husband were one and the same line. At the time of the suit for specific performance, therefore, the present controversy did not exist; and it was not until 1892, two years thereafter, that the appellant first became aware of the claim now made by the appellee. There was no plea of former adjudication made in the trial of this case, and we do not think that the facts found by the court make out a case showing such former adjudication. The decree of the court in the former case was only to compel the appellee and her husband to make a deed to appellant for lots 25 and 26. It left the parties in precisely the same situation they would have been had appellee and her husband voluntarily made the deed which the court compelled them to make. But certainly had the deed been voluntarily made, this suit to establish the east boundary according to the terms of the original contract and the acts of the parties might have been brought.

It seems very clear, from the facts found, that the appellee has shown no right in herself or in her husband to the twelve-foot strip in controversy. When one makes an agreement for the purchase of lands, enters and makes valuable improvements upon, and pays for, the same; when the grantor marks out and stakes the bound-

ary lines, and consents that the grantee make valuable improvements and build to the lines so fixed,—then it would seem that every principle of justice requires that the lines so fixed and acted upon should be maintained.

In this case the grantor acknowledged the line now claimed by appellant, both after the plat was made as well as before.   The line so agreed upon is the true line, and can not now be varied for the reason that the grantor, in making his plat, was mistaken as to the exact location of the line on his paper.   The visible monuments erected upon the land by his own hand and built to by his grantee must prevail over the lines drawn on paper.

We think the court erred in its conclusions of law. The judgment is therefore reversed, with directions to the court to restate its conclusions of law, and to enter judgment for appellant.

Filed May 28, 1895.