CHARLES F. KITTREDGE, executor, *vs.* BOSTON FIREMEN'S MUTUAL RELIEF ASSOCIATION.

BOSTON FIREMEN'S MUTUAL RELIEF ASSOCIATION *vs.* CHARLES F. KITTREDGE, executor.

Suffolk. January 9, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Fraternal Beneficiary Corporation. Evidence*, Presumptions and burden of proof.

In an action by the executor under the will of a deceased member of a fraternal beneficiary corporation to recover the amount of a death benefit, the answer of the defendant contained a general denial and also alleged payment. It appeared that the deceased was a member in good standing of the defendant, that under the constitution and by-laws of the defendant a member could designate as beneficiary a person dependent upon him, that by an instrument in writing the deceased designated as beneficiary a person who was not a relative but who had done his housekeeping for several years, that this designation was approved by the defendant, and that after the death of the member the defendant paid to the person designated the amount due under the certificate. There was no evidence that the deceased ever designated any other beneficiary, and there was no evidence other than the payment and the recognition of the assignment that the person designated as beneficiary was dependent. *Held*, that under the issue raised by the general denial the plaintiff could maintain his action only by showing that he and not the person who was paid was entitled to receive the money, that the burden was on him to show that the person designated as beneficiary was not dependent and that a finding was justified that he had not sustained that burden.

SHELDON, J. These two cases were tried together in the Superior Court without a jury. The first case is an action at

law brought by the executor under the will of John E. Fitzgerald, to recover from the defendant, a fraternal corporation, the amount of a death benefit. The second case is a bill in equity brought by the defendant in the first action against the plaintiff therein, to restrain him from prosecuting that action on the ground that the association had paid the amount of the death benefit to Margaret E. McLaughlin, alleging that she was the proper beneficiary, or if not, that Kittredge by reason of laches should not now be heard to claim any right in the benefit.

On February 18, 1882, the Boston Firemen's Mutual Relief Association was organized under Pub. Sts. c. 115, § 8, "for the purpose of assisting the widows, orphans, or other persons dependent upon deceased members," and on that day adopted a constitution, of which the second article provided that "the objects of this association shall be to pay to the widows and orphans of its members, or such other person or persons as may hold an assignment of the policy, at the time of the death of the member, twice as many dollars as there are members of the association." Various changes were made in this provision afterwards, apparently for the purpose of requiring payments of death benefits to be made to persons dependent upon the members, which do not seem to us to be material to the decision of the case.

Fitzgerald became a member of the association on July 31, 1886, and on that day a benefit certificate was issued to him, the original of which was lost, but which, according to the evidence at the trial, provided that his heirs and assigns were entitled " to all the benefits and immunities belonging to them, as named in the constitution and by-laws of said association." On August 1, 1891, he designated Margaret E. McLaughlin as his beneficiary by a paper bearing that date, signed by him, addressed to the treasurer of the association, and reading as follows: " In case of my death pay to M. E. McLaughlin the amount payable under the constitution of the association." He died on March 5, 1900; she presented proofs of his death, and on July 18, 1900, the association paid to her the sum of $1,920, being the amount due upon his certificate. There was no evidence that Fitzgerald ever had designated any other beneficiary.

The plaintiff Kittredge was appointed executor of Fitzgerald's will in 1900. The defendant in the action at law contended that

he was not the proper party to bring that action, and further claimed that it had paid the duly designated beneficiary. The plaintiff in that action contended that he was the proper party to bring it, and that, as the defendant had pleaded payment, the burden rested upon it to prove a proper payment and to show that Margaret E. McLaughlin was a person who, under the law, could properly be designated as a beneficiary.

The judge found that at the date of his death Fitzgerald was a member in good standing of the Boston Firemen's Mutual Relief Association ; that the assessment laid upon his death amounted to $1,920 ; that proof of death satisfactory to the directors was made by Margaret E. McLaughlin, and this sum was paid to her; that she was not a relative of Fitzgerald, but had done his house-keeping for several years ; that there was no evidence, other than the payment and recognition of the assignment, that she was a dependent, and there was no evidence that the heirs were dependent. And he further found and ruled that "the burden of proof that the said Margaret E. McLaughlin was not a dependent and was not entitled to the fund was upon the plaintiff and that the burden was not sustained," and found for the defendant in the action at law ; and he dismissed the bill in equity, ruling that it was not necessary or material to pass upon the matter therein contained. The cases now come before us upon his report, with the stipulation that if his rulings and findings are warranted, judgment is to be entered for the defendant in the action at law, and a decree entered dismissing the bill; otherwise a new trial is to be had in the action at law, and the order dismissing the bill is to be reversed, or such other orders and decrees entered as justice and equity require.

The plaintiff in the action at law has argued the case on the assumption that the issue to be tried in that action arose only upon the defendant's averment of payment. If this were so, it is manifest that the burden would be upon the defendant to show not only the fact of its payment, but the further fact that this payment had been made to a proper beneficiary. But the issue of payment was not the sole, and perhaps not the chief issue in the case. The defendant's answer in that action began with a general denial ; and under that part of its answer the defendant at the trial denied the right of the plaintiff to maintain the action

at law. Upon this question the burden of proof was upon the plaintiff. It appeared that Fitzgerald, the plaintiff's testator and the holder of the certificate, had in his lifetime designated McLaughlin as his beneficiary, and that this designation had been approved by the association. The plaintiff contended that this designation was invalid because she was not dependent upon Fitzgerald; and he contended that he was entitled to maintain this action, in the absence of any valid designation of a beneficiary, for the benefit of Fitzgerald's heirs. Assuming that he was correct in this contention, plainly his right to maintain the action depends upon his making out his claim that the designation of McLaughlin was invalid; and as the only ground upon which her designation was claimed to be invalid was that she was not dependent upon Fitzgerald, it necessarily follows that the burden of proof was upon him to show that in fact she was not so dependent. It follows that the ruling in the action at law was correct; and the judge had the right to find that this burden was not sustained.

As the finding in favor of the defendant in the action at law must be sustained, it is unnecessary for us, as it was for the judge of the Superior Court, to pass upon the matter contained in the bill in equity. The order dismissing the bill was right.

In accordance therefore with the stipulations of the report, judgment must be entered for the defendant in the action at law, and the bill in equity must be dismissed; and it is

*So ordered.*

*F. J. Carney*, for Kittredge.

*V. J. Loring*, for the Boston Firemen's Mutual Relief Association.