## FULLER *v*. SUPREME COUNCIL OF THE ROYAL ARCANUM ET AL.

### [No. 9,158.   Filed March 9, 1917.]

1.   EVIDENCE.—*Burden of Proof.*—*Presumptions.*—Although evidence introduced may give rise to a presumption in favor of the party having the burden of proof which will require the adverse party to go forward with evidence, the burden of proof is not thereby shifted.   p. 60.

2.   INSURANCE.—*Designation of Beneficiary.*—*Dependence.*—While dependence, as used in a by-law of a fraternal insurance association providing that one applying for insurance shall state in his application the dependence of the person designated as beneficiary, cannot rest on purely voluntary or charitable impulse, it is not confined to strict legal grounds, but may rest on moral or equitable grounds as well.   p. 61.

3.   INSURANCE.—*Fraternal.*—*Benefit Certificate.*—*Dependency.*—

*Proof.*—In an action on a benefit certificate issued by a fraternal insurance association, the by-laws of which provided that benefits could be made payable to a person dependent upon the member for maintenance, proof by defendant association that plaintiff was not related to deceased and was not living with him at the time of his decease made a *prima facie* case of non-dependence.   p. 61.

4.   INSURANCE.—*Fraternal.*—*Action on Benefit Certificate.*—*Dependency.*—*Burden of Proof.*—Where, in an action on a benefit certificate issued by a fraternal insurance association, defendant association admitted liability and requested the court to designate. the proper beneficiary under the by-laws providing that, until the applicant designate the beneficiary in accordance with such by-laws, no person could be recognized as such, and that each applicant shall enter on his application the name, residence and relationship or dependence of the beneficiary, and plaintiff was designated in the application as a beneficiary and described as bearing the relationship of cousin in the first degree of the insured, evidence by defendant showing that plaintiff was in no way related to deceased and that the by-laws further provided that she could not recover on the certificate as a dependent without such proof of dependency as would be satisfactory to certain officers of the association, destroyed the *prima facie* case made by plaintiff by the introduction of her certificate, and placed upon her that burden of proving that she was decedent's dependent.   pp. 62, 64.

5.   INSURANCE.—*Fraternal.*—*Action on Benefit Certificate.*—*By-Laws.*—In an action on a benefit certificate issued by a fraternal insurance association, defendant association may invoke a provision of its by-laws against the beneficiary named in the certificate, but this right cannot be asserted against such named beneficiary in an action by a contesting beneficiary.   p. 63.

From Posey Circuit Court; *Herdis Clements*, Judge.

Action by Nancy Ellen Fuller against the Supreme Council of the Royal Arcanum and others. From an adverse judgment, the plaintiff appeals. *Affirmed.*

*G. K. Denton* and *Kreuzberger & Markel*, for appellant.

*Brill, Hatfield & Brady* and *Ensle & Covert*, for appellees.

HOTTEL, J.—This is an appeal in an action brought by appellant against appellee "Supreme Council of the

Royal Arcanum" (hereinafter referred to as the "association") and others to recover on a beneficiary certificate issued by said association. The complaint, after setting out the nature and character of said association, alleges that it, on September 3, 1888, accepted Hiram Lynn as a member thereof and issued to him a certificate of insurance by which it agreed to pay to his wife, Anna Lynn, $3,000 on his death; that in July, 1898, the amount of insurance was reduced to $1,500; that on December 7, 1907, Anna Lynn died, and said certificate was afterward changed and made payable two-thirds to Marie Leipold, granddaughter, and one-third to Eunice Hewig, cousin, of the member; that on March 2, 1908, the beneficiary was again changed and the certificate made payable to Thomas D. LeMasters, for the benefit of appellant, Nancy E. Fuller; that the member, Hiram Lynn, died December 12, 1912, and that appellant had performed all the conditions of the contract, etc.; that a copy of the certificate is not filed with the complaint because the same is unlawfully withheld by A. L. Kingsbury, who claims to hold it under the authority given by said LeMasters; that said LeMasters, if ever created trustee, has moved out of the State and repudiated said trust.

LeMasters and Kingsbury were made defendants below, but they are eliminated from further consideration by an agreement between the parties to the effect that LeMasters had removed from the State, and that, if appellant was entitled to recover, she was entitled to do so under her own name; that said Kingsbury's interest in said matter resulted from his advancing money to pay the decedent's assessments for a number of years, and that he should have judgment for the amount he paid with interest, etc.

The association filed an answer in three paragraphs, the second of which was withdrawn. The first para-

graph is a general denial, and the third alleges that it
is a fraternal insurance association; that as a part of
its by-laws in full force and effect at the time of the
issuance of the beneficiary certificate sued on, there
were §§324, 326 and 330. These sections are set out
in said answer, the provisions of which, pertinent to the
questions to be determined, are as follows:

"Sec. 324. A benefit may be made payable to
any one or more persons of any of the following
classes, to wit: Grade 1st. Member's wife." Here
follows member's relatives, by blood or marriage
specially named in twenty grades, ranging from
wife to stepchildren, the third grade being the
"member's grandchildren," and grade tenth being
"member's cousins in the first degree." Said sec-
tion of the by-laws then continues as follows: "In
either of which cases no proof of dependency of the
beneficiary designated shall be required."

"Class Second: (1) *To* an affianced wife or *any
person who is dependent upon the member for
maintenance (food, clothing, lodging or educa-
tion); in either of which cases written evidence of
the* affianced relation or *dependency, within the re-
quirements of the laws of the Order, must be fur-
nished to the satisfaction of the Supreme Secretary
before the Benefit Certificate can be issued.*"

"2. *Neither the decision of the Supreme Secre-
tary, nor the issuance of a Benefit Certificate shall
be conclusive as to the fact of* the affianced relation
or *dependency.*

"(3). *If such satisfactory evidence, either of*
the affianced relation, *dependency,* or of legal adop-
tion *is not furnished, as hereinbefore provided,
prior to the decease of the member, no benefit shall
be paid unless such evidence is furnished to the sat-
isfaction of the Supreme Secretary and Examiner
of claims.*

"(4). A certificate may be made payable * * *
to a person who may receive the proceeds for the
benefit of the beneficiary, or beneficiaries within the
classes designated by the laws of the Order. The
names and relationship of the beneficiary must be
specified in all such cases. * * *

"Sec. 326. A benefit certificate shall not be

made payable to a creditor, nor to a person not a wife or relative, upon whom the member is dependent for maintenance nor be held or assigned, in whole or in part, to secure or to pay any debt which may be owing by the member or any other person.

"Sec. 330.   If at the time of the death of a member who has designated as beneficiary, a person of Class second, the dependency required by the laws of the order shall have ceased, or shall be found not to have existed,   *   *   *   or if any designation shall fail for illegality or otherwise, then the benefit shall be payable to the person or persons mentioned in Class first, Sec. No. 324, if living, in the shares and orders of precedence by grade as therein enumerated,   *   *   *."

Said answer then alleges that the plaintiff was not and is not related to the member, Hiram Lynn, in any way nor in any degree; that she was at no time dependent upon him in any way as provided for in the by-laws of said association; that at the time of the issuance of such certificate, and continuously ever since, and now, there was and is living a granddaughter of said member, viz., Marie Leipold; that during all of said time, said Marie Leipold was, and still is, an infant under the age of twenty-one years; that said member had no wife, child or children when the certificate herein sued on was issued, and the only relative he then or has since had was said Marie Leipold, his grandchild; that said Marie Leipold is still living and is the only living person qualified to receive the proceeds from the beneficiary certificate herein sued on, under and pursuant to said sections above set out; that said association does not deny its liability for the payment of the amount due on the certificate, but says that by virtue of the by-laws and the facts herein set out, said amount is due and payable to said Marie Leipold, granddaughter, to whom the association admits liability and it is willing to pay said amount to her and will do so when it is determined that the plaintiff herein is not

entitled to receive the same. The prayer asks for judgment and that defendant association be discharged from any obligation to plaintiff. To this answer appellant filed a reply in general denial, and a special reply which, for the purposes of the question presented by the appeal, is not important and need not be indicated.

Upon application, H. Leipold, as guardian of Marie Leipold, was made a party defendant to the action and filed a cross-complaint, the averments of which are substantially the same as those contained in said third paragraph of answer. In such cross-complaint, judgment is asked in favor of said grandchild as beneficiary under said certificate.

Upon the issues thus formed, the case was submitted to a jury for trial. A stipulation offered and read as part of the evidence provided, in part, as follows: For the purpose of this trial the parties agree: (1) That the constitution and by-laws of the code of 1912, issued by the association, and its subordinate lodges, which are now and have been in full force and effect during all the time that Hiram Lynn has been a member, that anything contained in such constitution and by-laws pertinent and relevant to the issues herein may be introduced on such trial by any of the parties hereto, without proof of their authenticity. (3) That the association "makes no defense herein by reason of proofs of death not having been made regularly as required but that the same has been by it waived, *and the only issue herein is as to who is entitled to the amount due on said benefit certificate.*" (Our italics.) (4) That since Thomas D. LeMasters, the trustee mentioned in said certificate, abandoned his trust and departed from the State of Indiana, the plaintiff is the proper party to bring this action so far as concerns any right that she or said LeMasters, as her trustee, might have in the certificate sued on.

The appellant testified that Hiram S. Lynn died in December, 1912, at St. Mary's Hospital in Evansville and, on cross-examination, said that she was not related to him. She then offered in evidence the certificate on which her action is based and a stipulation to the effect that the original certificate was issued October 29, 1888, and that the one sued upon was a change afterwards made. The provisions of such certificate which names appellant as beneficiary provides as follows:

"These conditions (before set out) being complied with, the Supreme Council of the Royal Arcanum hereby promises and binds itself to pay out of its Widows and Orphans' Benefit Fund to Thomas D. LeMasters without bond for the benefit of Nancy E. Fuller (*cousin in the first degree*) a sum not exceeding Fifteen Hundred Dollars in accordance with and under the provisions of the laws governing said Fund, upon satisfactory evidence of the death of said member, and upon the surrender of this Certificate; * * *" (Our italics.)

Upon this evidence, appellant rested her case.

The appellee then offered a witness, Unice Hewig, who testified to her acquaintance with Mr. Lynn and his family for a period of eleven years, and that Marie Leipold, a granddaughter, was his only living relative of which she had any knowledge. The association then read in evidence the notice of change of beneficiary given by the member February 28, 1908, as follows:

"ROYAL ARCANUM.

Evansville, Ind., Feb. 28, 1908.

"To Alfred T. Turner,
    Supreme Secretary.

"I herewith surrender and return to the Supreme Council of the Royal Arcanum, my Benefit Certificate, No. 25639, and direct that a new one be issued to me, payable to the following named beneficiary (or beneficiaries):

"(If more than one beneficiary, designate shares

of each by fraction of the whole amount thus: one-half, one-third, two-fifths, three-thirtieths, etc.,)

| "Full Name of Beneficiary. | Relationship or Dependence. | Residence of Beneficiary. | Share of Beneficiary. |
|---|---|---|---|
| Thomas D. LeMasters, residing at.......... | ...................... | 426 Olive St., Evansville, Ind. | |
| Nancy E. Fuller ...... | Cousin in the first degree and a blood relative. | 1123 E. Delaware St., Evansville, Ind. | |

Fee of fifty cents enclosed.

Hiram S. Lynn.

ADDRESS: 1123 E. Delaware St., Evansville, Ind.

"I hereby certify that the above designation was delivered to the Secretary of this Council, on February 28, 1908, and the fee of fifty cents to the Secretary on February 14, 1908.

C. C. Pack, Secretary
of VANDERBURGH COUNCIL, No. 1129.

Located at Evansville, State of Indiana."

(Seal)

The surrendered benefit certificate was also read in evidence and contained a beneficiary proviso the same as that above indicated, except that the promise to pay was "to Marie Leipold (granddaughter) two-thirds and to Eunice Hewig (cousin in the first degree) one-third." The sections of the by-laws set out in the answer, *supra*, and §323 were read in evidence. The latter section provides as follows:

"Each applicant shall enter upon his application the name or names, residence, and relationship or dependence of the person or persons of the classes in the next Section embraced, to whom he desires his benefit paid, and the same shall be entered in the Benefit Certificate according to said direction.

"1. The power to designate his beneficiary cannot be delegated by a member to his wife. Until the designation is made in accordance with the laws and requirements of the Order, no person can be recognized as a beneficiary, and no certificate can issue."

The foregoing is the substance of all the evidence given in the case in any way affecting the question attempted to be presented by this appeal. At its close, appellant tendered a peremptory instruction in her favor and asked that the court give it. She also tendered an instruction in which the court was asked to tell the jury that the burden was on said association to prove that appellant was not dependent upon said deceased member, and that she was ineligible as a beneficiary under said certificate. Each of these instructions was refused, and at the request of the association and the cross-complainant, the court gave an instruction which told the jury, in effect, that if it found that appellant was not a cousin in the first degree of the deceased member, and was not related in any degree to said member, the burden was then on her to prove that "she was dependent upon the member or otherwise qualified to be a beneficiary by being a member of some other class of qualified beneficiaries as defined in the by-laws which have been read in evidence."

The jury returned a verdict for appellees, after which appellant moved for a new trial. This motion was overruled, and this ruling was assigned as error and relied on for reversal. The motion contains separate grounds challenging the action of the trial court in refusing to give and in giving said indicated instructions and also challenges the verdict as being contrary to law and not sustained by sufficient evidence.

We are met at the threshold of the consideration of the questions attempted to be presented by the appeal with a strong insistence by appellees that, because of appellant's failure to comply with the rules of the court in the preparation of her briefs, no question is presented by her appeal. The briefs are open to the criticism that appellant assumes therein, as though conceded, that the questions which she attempts to present are properly

saved and presented by the record, instead of setting out in her brief enough of the record to show that such questions are in fact presented.   However, though said infirmities may be such as, under the rules of the court, would prevent a reversal of the judgment of the trial court, our investigation and consideration of the merits of the appeal convinces us that such a result is likewise precluded by a disposition of the appeal on its merits; and hence, the further consideration of said infirmities would, in any event, be of little importance or concern to either of said parties.   We therefore go directly to the merits of the appeal.

By the several grounds of her motion for new trial, appellant presents, in different form, the same question.   It is conceded that appellant was not and is not a cousin of Hiram S. Lynn, and was not and is not related to him in any way; that if she is entitled to recover at all upon the certificate on which her action is based, it is as a dependent of said Lynn.   It is further conceded, in effect, that if, under the issues, the burden was on appellant to show that she was a dependent on said Lynn, then any error, if any, committed by the trial court in its instructions, was in appellant's favor rather than against her; that if appellant is not eligible as the beneficiary under said certificate, the judgment in favor of the association on appellant's complaint and the judgment in favor of the cross-complainant on her cross-complaint were proper.

Appellant insists, however, in effect, that the burden was on appellees to allege and prove that she was not eligible as a beneficiary of said certificate under any or either of the classes of beneficiaries recognized and provided for in the by-laws of said association; and hence, that the trial court erred in giving said instruction which placed on appellant the burden of proving that she was dependent on said deceased member; that there

is no evidence that appellant was not such a dependent; and hence, that the court should have given the peremptory instruction tendered by appellant, and that, for the same reason, the verdict is not sustained by sufficient evidence and is contrary to law. In support of her contention, appellant cites the following cases: *Nye* v. *Grand Lodge, etc.* (1893), 9 Ind. App. 131, 36 N. E. 429; *Supreme Lodge, etc.* v. *Davis* (1899), 26 Colo. 252, 58 Pac. 595; *Supreme Lodge, etc.* v. *Knight* (1889), 117 Ind. 489, 20 N. E. 479, 3 L. R. A. 409; *People's Mutual, etc., Society* v. *McKay* (1895), 141 Ind. 415, 39 N. E. 231, 40 N. E. 910; *Supreme Lodge. etc.* v. *Johnson* (1881), 78 Ind. 110.

Appellees, on the other hand, insist in effect that inasmuch as the certificate on which appellant bases her action designates appellant as a cousin, the *prima facie* case, made by the introduction of such certificate, was a right to recover as such cousin, under-grade tenth of the beneficiaries provided for in the first class enumerated in the by-laws, *supra*, and hence, that when said appellees introduced in evidence said by-laws, the evidence showing that appellant was in no way related to the deceased member and that the only living relative and person eligible as a beneficiary under said first class of beneficiaries was his grandchild, they thereby destroyed the *prima facie* case made by appellant, and put upon her the burden of showing that she was a dependent or otherwise eligible as a beneficiary under some other class provided for by said by-laws. In support of this contention the following cases are cited. *Johnson* v. *Grand Lodge, etc.* (1914), 91 Kan. 314, 137 Pac. 1190, 50 L. R. A. (N. S.) 461, *Bush* v. *Modern Woodmen* (1915), (Iowa) 152 N. W. 31, and *Duenser* v. *Supreme Council, etc.* (1914), 262 Ill. 475, 104 N. E. 801, 51 L. R. A. (N. S.) 726.

Appellees also invoke the principle of law which re-

lieves a party from proving the nonexistence of a fact, the existence or nonexistence of which is peculiarly within the knowledge of his adversary, citing: *Great Western R. Co.* v. *Bacon* (1863), 30 Ill. 347, 83 Am. Dec. 199; *State, ex rel.* v. *Board, etc.* (1903), 162 Ind. 580, 595, 68 N. E. 295, 70 N. E. 373, 984; *Goodwin* v. *Smith* (1880), 72 Ind. 113, 117, 37 Am. Rep. 144; *Giberson* v. *Jolley* (1889), 120 Ind. 301, 303, 22 N. E. 306; *Shearer* v. *State* (1844), 7 Blackf. 99; *Wiley* v. *State* (1876), 52 Ind. 516, 517; *Morel* v. *State* (1883), 89 Ind. 275; and they insist that in such a case, any evidence which tends to show the truth of the negative averment will be sufficient to shift the burden of such issue to the opposite party, citing *Compton* v. *Benham* (1909), 44 Ind. App. 51, 85 N. E. 365; *Colorado Coal Co.* v. *United States* (1887), 123 U. S. 307, 317, 8 Sup. Ct. 131, 31 L. Ed. 182.

First, considering the last of appellees' contentions, their statement of the principle contended for is not accurate, in that it confuses the question of the burden of proof on an issue with the shifting of the duty of the respective parties to a litigation to go forward with the evidence. Certain evidence may give rise to a presumption in favor of the party having the burden of proof, which will impose upon the adverse party the necessity or duty of going forward with the evidence, but the burden of proof is not thereby shifted. The burden of the issue continues where the law places it though some presumptions in favor of the party who bears it may require the adverse party to go forward with the proof. *Keys* v. *McDowell* (1913), 54 Ind. App. 263, 100 N. E. 385, and cases there cited.

The principle, however, for which appellees contend should, we think, have influence in this case. Depend-

ence, as used in appellee association's by-laws,
while it cannot rest on a purely voluntary or
charitable impulse, is not confined to strict legal
grounds, but may rest on moral or equitable grounds as
well.    *Caldwell* v. *Grand Lodge, etc.* (1905), 148 Cal.
195, 82 Pac. 781, 2 L. R. A. (N. S.) 653, and note, 113
Am. St. 219; *Johnson* v. *Grand Lodge, etc., supra.*

It follows that the existence of such dependence, and
the grounds upon which it rests, may be within the ex-
clusive knowledge of the two parties between
whom such relation is sustained.    And if, for the
sake of the argument, it be assumed that the
burden of proof was on appellees to prove that appel-
lant was not a dependent of the deceased member, we
think that, under the facts of this case, there is strong
reason for holding that when they showed that she was
in no way related to deceased, and was not a member
of his family or living with him at the time of his death,
they made a *prima facie* case of nondependence.    The
most that appellees could have proved, in addition to
what they did prove, would have been to have offered
witnesses who knew the deceased member and offered
evidence of a negative character to the effect that they
had no knowledge of any relationship of dependence be-
tween appellant and said deceased member.    The fact
whether dependence did or did not exist, and the
grounds upon which it rested, was known to appellant,
and possibly, after the member's death, was known to
her alone.    The natural and reasonable presumption
would be that no relationship of dependence exists be-
tween two adult persons, in no way related, and living
separate and apart, and when such facts are shown
against a litigant claiming the benefit of dependence
under such conditions as appellant was here claiming it,
both reason and justice favor, and no harm would re-
sult from the indulgence of a presumption against the

dependence of such claimant which would put upon him or her the necessity of going forward with the proof showing such dependence.

Going back, however, to appellant's contention, we next inquire whether the burden was on appellees to show that appellant was in fact not a dependent of said deceased member. There is language in some of the cases before cited which seems to lend support to this contention, but the facts of these cases as presented by both the issues and the evidence, are so different from those of this case, that such language, when read in the light of the facts of the respective cases in which it is used, can throw but little light on the question as here presented. In fact, none of the cases cited by either appellant or appellees, and none that we have been able to find, expressly and conclusively settle the question here presented. It will, of course, be conceded that the burden was on appellant to show a cause of action against said association. This was done, or at least a *prima facie* case was made, when she introduced in evidence the certificate which named her as beneficiary. (See cases cited *supra*, relied on by appellant.) Such certificate, however, upon its face shows that she was named therein as a cousin. This was the certificate upon which her right of action was predicated. The *prima facie* case made by it, when it is read in the light of the by-laws of such association, *supra*, which authorized it, was a right to recover as a beneficiary of the first class named in said by-laws, to wit, under grade third, as a cousin of the deceased member. When appellant, herself, admitted that she was not a cousin of the deceased member, and in no way related to him, she destroyed her *prima facie* case, unless, as appellant contends, the fact that she was named as a beneficiary, imposed on appellees the duty of showing that she was not eligible as a beneficiary under any

provision of the by-laws of such association. Appellant would have some reason and authority for her contention if the appellant were named generally as a beneficiary, especially if the contest were between the association and appellant alone, and the association were denying any liability upon said certificate, or if the contest were between two contending claimants alone. In this respect, the facts of the instant case, as affecting the question under consideration, materially distinguish it from the cases cited by appellant, to which might be added, among others, the following: *James* v. *Supreme Council, etc.* (1904), 130 Fed. 1014; *Kittredge* v. *Firemen's etc., Assn.* (1906), 191 Mass. 23, 77 N. E. 648; *Tepper* v. *Supreme Council, etc.* (1900), 61 N. J. Eq. 638, 47 Atl. 460, 88 Am. St. 449; *Johnson* v. *Knights, etc.* (1890), 53 Ark. 255, 13 S. W. 794, 8 L. R. A. 732; *Johnson* v. *VanEpps* (1884), 110 Ill. 551; *Munhall* v. *Daly* (1890), 37 Ill. App. 628; *Knights* v. *Watson* (1888), 64 N. H. 517, 15 Atl. 125; *Coulson* v. *Flynn* (1905), 181 N. Y. 62, 73 N. E. 507; *Schoales* v. *Order of Sparta* (1903), 206 Pa. St. 11, 55 Atl. 766; *Taylor* v. *Hair* (1901), 112 Fed. 913.

5.  The association may invoke the provisions of its by-laws against the beneficiary named in a certificate issued by it, but this right cannot be asserted against such named beneficiary by a contesting beneficiary in a suit between such contestants. And where a beneficiary is named generally in a certificate and the suit is against the association and it denies any liability on the certificate, it may be that, as appellant claims, to overthrow the *prima facie* case made by such certificate, such association must show that the beneficiary is not eligible under any provision of its by-laws.

In the instant case, however, the association is in court not denying liability, but admitting it, and in-

voking the aid of its by-laws to enable the court to say who is the proper and eligible beneficiary of the certificate issued by it, and who is entitled to receive the funds provided for therein. These by-laws provide, in effect (Sec. 323, *supra*), that, until the applicant designates a beneficiary in accord with such by-laws, no person can be recognized as a beneficiary and no certificate can issue; that each applicant shall enter on his application the name, residence and relationship or dependence of the beneficiary. Pursuant to these requirements, the member designated appellant as his beneficiary, and represented that she was his cousin and hence entitled to be made such beneficiary without further proof. The association issued the certificate in suit upon this representation and therein designated appellant as the member's cousin, and, as such, a beneficiary under class first, *supra*.

As before indicated, the burden was on appellant to show a certificate which entitled her to recover. She made her *prima facie* case by introducing the certificate in suit which entitled her to recover as a cousin, but she did not thereby shift the burden of proof on the issue of her right to recover, and when appellees showed that she was in no way related to the deceased member and hence not entitled to recover as a member of the first class, and showed further, by said by-laws, that she could not recover as a dependent of the deceased member without proof of her dependency; that the furnishing of satisfactory written evidence of such dependency was a condition to the issuing of the certificate to her as a dependent in the first instance; and that when such evidence had not been furnished, in the lifetime of the member, no benefit could be paid unless such evidence were furnished to the satisfaction of the Supreme Secretary and Examiner of Claims, the *prima facie* case made by appellant was thereby destroyed, and the bur-

den left with her to make the proof that she was such dependent.

For these reasons we conclude that no error resulted from the action of the trial court in giving or refusing to give the instructions indicated; that the verdict of the jury is sustained by sufficient evidence and is not contrary to law.   Judgment affirmed.

NOTE.—Reported in 115 N. E. 372.  Designation of beneficiaries of a member of a beneficial association, 19 Am. St. 786, 29 Cyc 114, 117; meaning of the word "dependent" as used to designate the beneficiary in an insurance policy, 7 Ann. Cas. 358, 17 Ann. Cas. 867, 13 Cyc 788. See under (4-6) 29 Cyc 232, 239.