# CASES ARGUED AND DECIDED

—IN THE—

# SUPREME COURT OF MISSISSIPPI,

—AT THE—

## DECEMBER SPECIAL TERM, 1897.

---

### WANITA WOOLEN MILLS *v.* SUSAN A. ROLLINS.

|    |     |
| -- | --- |
| 75 | 253 |
| 78 | 293 |
| 75 | 253 |
| 86 | 398 |
| 86 | 475 |
| 75 | 253 |
| 87 | 541 |

1. CHANCERY PRACTICE. *Denial of execution of instruments.* *Code* 1892, ∂ 1797; *Ib.*, ∂ 1810.

   Code 1892, ∂ 1797, which provides that "in suits founded on any written instruments set forth in the pleadings, it shall not be necessary to prove the signature or execution thereof, unless the same be specially denied by a plea verified by the oath of the party pleading the same," is by ∂ 1810, same code, applicable to suits in the chancery court.

2. SAME. *Oath to answer waived.* *Code* 1892, ∂ 534; *Ib.*, ∂ 1797.

   The statute, code 1892, ∂ 534, authorizing a complainant to waive oath to answer in chancery, does not affect the requirement of code 1892, ∂ 1797, providing that the signature or execution of written instruments sued upon need not be proved unless denied on oath.

3. SAME. *Instrument sued upon. Presumption.*

   It is presumed, in the absence of a bill of exceptions showing the contrary, that the court rendering a decree thereon had before it the note or instrument sued upon.

4. CORPORATIONS. *Contracts of.*

   The execution of a written contract by a corporation, apparently signed by its proper official, need not be proved in a suit upon such contract unless such execution be denied on oath.

FROM the chancery court of Lauderdale county.

HON. W. T. HOUSTON, Chancellor.

The facts are sufficiently stated in the opinion of the court.

*Fewell & Brahan,* for appellant.

It is submitted that upon the pleadings the appellant was entitled to a final decree dismissing the bill. All the material allegations of the bill were denied by the answer, and no testimony was taken. In this state of case the court ought to have decreed for appellant. The answer put in issue the allegations of the bill, and put the complainant to proof of those allegations. We insist that the decree was erroneous and that it should be reversed, and that this court should render a decree dismissing the bill as the court below ought to have done.

*S. A. Witherspoon,* for appellee.

The appeal is without merit, and is based upon a mere technicality which will not avail on this record.

1. The allegations of the bill are not denied in such way as to require proof. The answer denies that appellant was indebted to appellee on May 1, 1888. This is a literal but not a substantial denial of the debt. It was not material whether the indebtedness existed on that day or not. It may have been created the next day, week, month, or year, and the papers dated May 1, 1888, and yet be a debt for which the court would foreclose the mortgage.

2. The certified copy of the mortgage exhibited with the bill has the same effect as the introduction of the original would have had, and is ample proof to sustain the allegations of the bill and to overthrow the affirmative allegations of the answer. The recitals of the exhibits show the existence of the debt, that its consideration was borrowed money, that the stockholders held a meeting and directed the money to be borrowed and the security to be given, and authorized the execution of the paper sued upon.

---

---

3. Under the pleadings it was not necessary to prove the execution of the note and mortgage, because the appellant did not deny it under oath.   The appellant has made the mistake of supposing that because an answer under oath was waived, therefore it could put the appellee upon proof of the execution of the note and mortgage without a denial under oath.   That is not the law.   Section 1797, code 1892, provides that it is unnecessary to prove "the execution of any instrument" unless it is denied specially "by plea verified by oath."   This provision applies to all courts, as provided in § 1810 of the same code.   In *McBride* v. *Kilgore*, 55 Miss., 242, § 1797 was applied to a justice of the peace court, though in no other case is a written plea required in said court.   Its application in a chancery court is much more evident.

TERRAL, J., delivered the opinion of the court.

This is a bill by Mrs. Rollins against the appellant, a corporation, to foreclose a mortgage executed by its president and secretary, to secure its promissory note for a large sum of money. The complainant, in her bill, waived an answer on oath.   A copy of the note was filed with the bill, and also a certified copy of the mortgage.   The answer denied the execution of the note and mortgage by the defendant, and all other averments of the bill, but admitted that the president and secretary of said company had executed said mortgage, but without authority.   On bill and answer, a decree was entered for Mrs. Rollins, and the appellant insists that the decree should have been in its favor.

We think, in order to put the proof of the execution of the note and mortgage upon the complainant, the answer of the defendant should have been verified by affidavit.   Section 1797, annotated code of 1892, provides that "in suits founded on any written instruments set forth in the pleading, it shall not be necessary to prove the signature or execution thereof, unless the same be specially denied by a plea, verified by the oath of the party pleading the same."   If the answer of the defendant

had been sworn to, it might have served, equally as a plea, to require proof of the execution of the note and mortgage.

The statute, § 534, annotated code 1892, which authorizes a complainant to waive answer on oath, does not, as we think, affect the requirement of § 1797. Chapter 43 of the code expressly applies to chancery courts (§ 1810), and this, we apprehend, removes all doubt as to the construction of that section.

Mr. Beach says: " Where statutes authorize the complainant to waive answer under oath, the answer can only be regarded as a pleading." Beach's Eq. Pr., sec. 356; *Bowerman* v. *Sybourn*, 7 T. R., 3. An answer not sworn to is not evidence. 3 Greenl., sec. 286; *Bien* v. *Weatherspoon*, 1 How. (Miss.), 28.

A production of the note and mortgage at the hearing of the case was sufficient evidence to sustain the bill. By statute the certified copy of the mortgage was equivalent to the original unless denied on oath. Upon settled principles of practice, we must presume that the court had before it the notes sued on, in the absence of a bill of exceptions certifying otherwise.

In a common law court it is a presumption of law that facts, without the proof of which the verdict could not have been found, were proved at the trial. Broom's Leg. Max., *946. Decrees in chancery stand upon the same principle. 1 Greenl. Ev., sec. 551. The written contract of a corporation, when apparently signed by its proper officers, when sued on, as similar contracts of individuals in like cases, prove themselves, unless denied on oath. Mr. Beach says that corporations have power to borrow money, make promissory notes, and to secure notes by mortgage, unless restrained by charter, and such instruments, when signed by the proper officers, are *prima facie* sufficient evidence of their execution and validity, unless attacked. Pri. Corp., sec. 389. The same doctrine was held in *Hamilton* v. *McLaughlin*, 145 Mass., 20. This principle we think just and reasonable. It is in harmony with the principles of law in other cases. It is a maxim of the common law to presume that what has been done was done of right and not of wrong.

This maxim applies as well where matters are in contest between private persons as to matters public in their nature.   It is an established rule that the law will presume in favor of honesty and against fraud; it goes on the footing of validity, and upholds validity by supposing that everything was present which their validity required.   Broom's Leg. Max., *946, 949.

*The action of the court is affirmed at the costs of the appellant.*