MASONIC BENEFIT ASSOCIATION *v.* PETER SIMMONS,
ADMINISTRATOR.

1. CHANCERY PLEADING AND PRACTICE.    *Code 1892, ? 534.    Answer.
   Corporation.*

   The secretary and treasurer of a beneficial association, having
   the custody of its records and vouchers, may make oath to its
   answer in chancery, under Code 1892, § 534, providing that the
   answer of a corporation need not be under its seal, but may
   be sworn to by its president, general manager or superintend-
   ent, or other general officer.

2. SAME.  *Setting out instrument.    Denial must be under oath.    Code
   1892, ? 1797.*

   The fact that an answer under oath was specially waived by the
   bill does not affect the statute, Code 1892, § 1797, providing that
   in suits founded upon any written instrument set forth in the
   pleadings it shall be unnecessary to prove the execution thereof
   unless the same be specially denied by plea under the oath of
   the party pleading it.

3. SAME.  *When statute inapplicable.*

   But the statute (Code 1892, § 1797) has no application in a suit
   by an administrator, setting up his letters, where the answer
   pleads payment to a previously appointed administrator, the
   issue being one of payment rather than of the representative
   capacity of complainant.

FROM the chancery court of, first district, Hinds county.
GARLAND G. LYELL, ESQ., Special Chancellor.

Simmons, administrator, the appellee, was complainant, and
the benefit association, the appellant, was defendant in the
court below.  From a decree in complainant's favor the de-
fendant appealed to the supreme court.  The facts are fully
stated in the opinion of the court.

*Robert Lowry,* for appellant.

Code 1892, § 1797, has no application to the case at bar. The appellant, by the usual process, was brought into the chancery court of Hinds county to answer an alleged indebtedness by Peter Simmons, administrator of the estate of Robert Wells, deceased. Simmons was appointed administrator one year after the death of the decedent, and five months after the appointment of W. C. George, administrator, by the chancery court of Leflore county. Appellant was not required to deny under oath that Simmons was not administrator of Wells, deceased. In other words, it is not required that litigants should swear what the law is on the subject. Appellant appeared and, answering the alleged indebtedness, stated that W. C. George was the administrator, and that appellant had paid the $500 to George as administrator of the estate of the deceased, and asked leave of court to file a certified copy of the appointment of George and also a receipt from George's attorneys that the money had been paid, and now, for them, by leave of court, files the original check given for the payment of the $500. The answer was sworn to by the secretary and treasurer of appellant.

*Watkins & Watkins,* for appellee.

It will be perceived that, in this case, Peter Simmons, administrator, sues in his representative, or artificial, character; and if his character, as such, would be attacked, the provision of section 1797 of the code should be complied with, which provides, in substance, that unless the representative character in which a party sues is specially denied by plea verified under oath, then the party so suing shall never be called upon to prove the same.

And this court, in the case of *Woolen Mills* v. *Rollins,* 75 Miss., 253, held that the waiver of an answer under oath does not affect the requirements of this section; and the court further decided it necessary in chancery courts that the represent-

ative capacity of the complainant, where he sues in such capacity, shall be denied under oath; or, if not denied, his representative capacity is admitted.

In the case of *Reed* v. *Railroad,* 4 How. (Miss.), 262—this was a case in which a corporation sued in its corporate capacity upon a note, and the defendant pleaded *non assumpsit*—the court, in delivering the opinion, uses the following language: "Whatever the rule of law might have been, we must now regard the question as settled, that all pleas to the action shall be deemed and judged as admitting the parties and the character of the parties suing."

The decision of the court in this case was that the artificial character of the plaintiff, not having been denied under oath, was expressly admitted. *Vicksburg Waterworks Co.* v. *Washington,* 1 Smed. & M., 536; *Hemphill* v. *Bank of Alabama,* 6 Smed & M., 48; *Moore* v. *Anderson,* 3 Smed. & M., 324; *Beard* v. *Griffin,* 10 Smed. & M., 589; *Anderson* v. *Leyton,* 46 Miss., 295; *Moore* v. *Knox,* 46 Miss., 602; *Railroad Company* v. *Anderson,* 51 Miss., 830; *Thompson* v. *First National Bank,* 84 Miss., 821 (s.c., 37 South. Rep., 635).

Code 1892, § 534, provides that the answer of a corporation need not be under seal, but shall be sworn to by its president, general manager or superintendent, or other general officer. Now, even if this answer amounts to a denial, or even amounts to a special denial, as provided by the statute, of the complainant's representative character, was it properly sworn to? The statute. requires that an answer for a corporation, when necessary to be sworn to, shall be verified by certain persons named therein; and unless so verified, the answer availeth nothing. In other words, the affidavit, on its face, should have stated that the person making the affidavit on behalf of said corporation was some person falling within the requirements of the provisions of the statute.

In 2 Ency. of Law & Proc., 23, the law is stated to be as follows:

"Except. in cases where the affiant is acting in some special · capacity, the omission from the body of the instrument of his name and description is not material, provided the affidavit be signed by him; but where his affidavit is required to be made by a person acting in a certain capacity, the name of the affiant and the capacity in which he acts should be stated." See the case of *Steinbach* v. *Leese,* 27 Cal., 295; *Slate* v. *Washo County,* 5 Nevada, 317.

Argued orally by *Robt. Lowry,* for appellant, and by *W. H. Watkins,* for appellee.

HOUSTON, J., delivered the opinion of the court.

A bill was filed by Peter Simmons, as administrator of the estate of Robert Wells, deceased, and by Mary Lewis and said Peter Simmons, as individuals and as two of decedent's heirs, against appellant (a Mississippi corporation), alleging that said decedent, at the time of his death, February 27, 1903, held a certificate in said association, payable to the estate of said Wells; that on March 7, 1904, said Simmons was appointed administrator of same, as shown by exhibit "A," copy of his appointment; that during his life he complied with every regulation required by said association—paying all dues, assessments, etc.; that said certificate has been surrendered to said association, with proper proof of death, and all requirements of the laws complied with, entitling the said estate to be paid the amount of said certificate, but that the officers of said association refuse to pay the same to complainants; that, if mistaken in alleging that Peter Simmons is entitled, as administrator, to recover same, then that he individually and said Mary E. Lewis, as said heirs, are entitled to recover two-thirds thereof. The bill is not sworn to, and answer under oath is specifically waived. The answer of defendant admits that said Wells was a member of said association in good standing at the time of his death, but alleges that said association had paid

to W. C. George, the duly qualified administrator of, said Wells in Leflore county, Mississippi, $500, the full amount due by and under said certificate—he having filed a copy of his letters of administration and bond as same with defendant—and asks that defendant be relieved from any further defense, etc., especially as complainant well knew that said George had qualified as said administrator before the filing of the bill. And here it may be noted that the bill was filed the same day that letters were granted to Simmons. A receipt showing the payment to attorneys of George is made an exhibit to the answer. A duly certified copy of the petition, bond, oath, and letters of administration of said George are also made exhibits, which show that he was duly appointed as such administrator by the chancery court of Leflore county on October 2, 1903, over five months before Peter Simmons was appointed as administrator by the chancery court of Hinds county, in another district. The lower court decreed that Peter Simmons, administrator, should receive this $500 and interest from defendant, from which decree defendant prosecutes this appeal.

The evidence demonstrates beyond cavil or controversy that on March 1, 1904, said defendant, by its secretary and treasurer, E. E. Perkins, issued its check to said George, administrator, in payment of this $500 due on this certificate (the original check being produced), and that same was paid March 28, 1904, as shown by the receipt of the attorneys of said George to said association. Some attempt was made to show that E. E. Perkins, the secretary and treasurer of said association, had notice of the appointment of said Simmons as administrator before this $500 was actually paid, but, in our opinion, there was a failure to do so; but even if this had been shown, we do not think appellant should be required to pay it again to appellee, who was not appointed administrator for more than five months after a court of competent and full jurisdiction had, in strict accordance with our statutes, appointed said George as administrator of said estate, as the pleadings and

proof both clearly demonstrate.    Indeed, it is virtually, if not
fully, admitted by counsel for appellee that this $500 was paid
at the time named· to said George, as such administrator, or
to his attorneys; but they contend that the appellant should
be compelled by a court of equity and good conscience to pay
a second time to said Peter Simmons, administrator, because
they say that a technical rule of pleading has been violated, in
that defendant below did not specifically deny by a plea verified
under oath the representative character of said Simmons as
administrator of said estate, as required by Code 1892, § 1797.
We cannot obtain our consent to lend our indorsement to this
contention.    The answer is in fact sworn to by E. E. Perkins,
as secretary and treasurer of the defendant association, but
counsel contend that he is not the proper officer to swear to
same, under Code 1892, § 534.    That section provides that
·"the answer of a corporation need not be under its seal, but
shall be sworn to by its president, general manager or superin-
tendent, or other general officer, unless an answer under oath
shall  .  .  .  be waived in the bill."    E. E. Perkins is
shown to have been the secretary and treasurer of said associa-
tion, and the custodian of the records and vouchers, so far as
the money is concerned, and is a "general officer," within the
contemplation of said statute.    And answer under oath is also
specifically waived by the bill in this case; and while this
waiver, in and of itself, does not affect the requirement of sec.
1797—*Wanita Mills* v. *Rollins,* 75 Miss., 253 (22 South. Rep.,
819)—still, aside from this, the question here is not as to the
representative character in which the complainant sued—not
that Simmons was not at some time appointed as administrator
of the estate of Robert Wells.  This is not the question that de-
fendant is litigating with the complainant, but it is that the
defendant, prior to any notice of the appointment of Simmons
as such administrator, had already paid this $500 to another
administrator of said estate, who had, over five months before
Simmons' ·appointment, been duly and legally appointed, and

had qualified as administrator by and under a decree of a court of competent and full jurisdiction, and that said decree showed all of the necessary jurisdictional facts under Code 1892, § 1850, and that, therefore, the defendant should not be compelled to again pay this $500 to another party appointed afterwards as administrator by a court of concurrent jurisdiction in another district, and thus be made to pay the same debt twice. The defendant's answer and exhibits fully set all of this out, and, as said before, it makes an exhibit to its answer a certified copy of the petition, oath, bond, and letters of administration of said W. C. George. These exhibits do show, specifically and fully, all of the proper and necessary jurisdictional facts authorizing the chancery court of Leflore county to appoint said George as administrator of the estate of Robert Wells, and the matter was adjudicated by said court. As counsel for appellee admits, there can be but one administrator of the estate of a decedent, under the law; and as said George was duly and legally appointed the administrator of this estate by a court having full jurisdiction to do so, the defendant properly paid the $500 to him, and we know of no rule of pleading or law in this or any other state which would warrant us in compelling said appellant to again pay this very same debt to another alleged administrator.

It will be noted that the petition of Simmons for letters of administration did not disclose to the chancery court of Hinds county, to which he applied for said letters, that letters of administration on the same estate had, several months before, been granted to said George by the chancery court of Leflore county, presided over by a different chancellor.

*Reversed and remanded.*