THOMAS R. BROWN

*v.*

THE MUTUAL RESERVE FUND LIFE ASSOCIATION.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

INSURANCE—*contract of re-insurance transfers all members actually in good standing.* Under section 16 of the Insurance act of 1893, (Laws of 1893, p. 124,) a contract of re-insurance, made under such act, transfers all members of the transferring company actually in good standing, whether they so appear from the books of such company or not; and in an action against the transferee company upon a benefit certificate issued by the transferring company the plaintiff is not required, in the first instance, to prove that the member was in good standing, proof to the contrary being a matter of defense. (*Bolles* v. *Mutual Reserve*, 220 Ill. 400, followed.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

LOUIS E. HART, for appellant.

NEWMAN, NORTHRUP, LEVINSON & BECKER, and C. E. CLEVELAND, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The proceeding below was assumpsit, filed in the superior court of Cook county against the appellee company, and the declaration counted upon two beneficiary certificates issued to one Thomas Brown by the Northwestern Life Assurance Company. Upon hearing in the trial court, at the close of the evidence for the plaintiff, (appellant here,) the court gave a peremptory instruction to the jury directing them to find for the defendant, and judgment was entered in accordance with said instruction. An appeal was perfected to the Appellate Court for the First District, where

the judgment of the superior court was affirmed, and this further appeal brings the record before us for review.

The evidence discloses that one Thomas Brown, father of appellant, in April, 1899, held two benefit certificates issued by the Northwestern Life Assurance Company, in which appellant was the beneficiary.  About that time a misunderstanding arose between the assured and said Northwestern Life Assurance Company as to the amount due from the assured on his assessments, and said assured declined to pay the amount of assessments demanded, and did not pay the same and never paid any assessments thereafter. Nearly a year and a half after the assured declined to pay the assessments demanded of him by the said Northwestern Life Assurance Company, the said company entered into a contract with the appellee association by which the appellee association was to re-insure certain risks of the Northwestern Life Assurance Company.  This contract or agreement on the part of the two was approved at a meeting of the members of the Northwestern Life Assurance Company in September, 1900, by a two-thirds vote of the members thereof.  In January, 1902, sixteen months after the agreement of re-insurance was approved by the members of the Northwestern Life Assurance Company, the assured died, but up to that time he had not paid any of the assessments levied by the Northwestern Life Assurance Company.

As before stated, the contracts or benefit certificates sued on were not those of the appellee association with the assured, but were contracts of insurance issued by the Northwestern Life Assurance Company.  The liability alleged against the appellee association was based on its contract to re-insure certain risks of the assurance company.  The agreement or contract of re-insurance between the Northwestern Life Assurance Company and the appellee association was introduced on behalf of appellant, and so far as here necessary to be considered was as follows: "Said company has and does hereby tender to said association, as members of said

224—37

association, each and all of its living members who by its books and records are in good standing, * * * and * * * who may keep and continue their respective insurance in force by paying the premium calls of said association, in accordance with its calls, rules and by-laws now in force or hereafter to be established and in accordance with the conditions of this agreement. And the said association on its part agrees to accept, and does hereby accept, as its members, all of the members of said company who are in good standing at the date and hour of the day this contract is ratified and approved by the members of said company, as aforesaid, as shown by the books and records of said company, upon the terms and conditions herein provided."

Under this clause of the contract of re-insurance the superior and Appellate Courts held that it was incumbent upon appellant to prove that the assured was in good standing, "as shown by the books and records of said company," at the time the transfer was made from the Northwestern Life Assurance Company to appellee. These rulings are manifestly erroneous.

The precise question involved in this case was before this court in *Bolles* v. *Mutual Reserve Life Ass.* 220 Ill. 400, and we held that under section 16 of an act to incorporate companies to do the business of life and accident insurance upon the assessment plan, etc., approved June 22, 1893, a contract of re-insurance made by virtue of said act had the effect of transferring all of the members of the transferring association who were, in fact, in good standing, without reference to the showing made by the records and books of such association, and that the power of transferring the members, under the statute, could not be exercised as to a part or a certain class of the members in good standing. Under the decision in the *Bolles case* it was no part of appellant's case in chief to prove that the assured was in good standing in the original company at the time of the transfer or in the transferee at the time of his death. This is a matter of defense.

For the reasons given by this court in the *Bolles case, supra,* the judgments of the Appellate and superior courts are reversed and the cause remanded to the superior court of Cook county.

*Reversed and remanded.*