## JEANETTA WASSON v. THE AMERICAN PATRIOTS, Appellant.

**Trial:** CONTINUANCE: ABSENT WITNESS.  Where the adverse party admits that an absent witness if present would testify to the matter stated in the affidavit for continuance, a continuance of the cause on the ground of absence of such witness should be denied.

**Same:** ABSENCE OF ATTORNEY: DISCRETION.  Where the record of an application for continuance of a cause on the ground of absence of the party's regular and principal attorney in the case did not show that the attorney present was unprepared or unable to properly try the case, and it appeared that the attorney present had previously appeared in a suit on the same claim and had investigated the cause of action, refusal to grant the continuance was not an abuse of discretion.

**Beneficial insurance:** ACTION UPON CERTIFICATE: MONEY JUDGMENT.  In a suit upon a beneficiary contract of insurance providing that the beneficiary shall receive an amount equal to the proceeds of one assessment, not however exceeding a stated sum, the beneficiary is entitled to a money judgment for such sum unless the association shows that an assessment will not yield that sum.

**Same:** DEDUCTIONS FROM FACE OF CERTIFICATE: BURDEN OF PROOF.  Where a beneficial certificate of insurance provides that in the event of death the certificate shall be charged with the amount such member would pay during the expectancy of life as shown by the mortuary tables, and at the same rate of assessment as

previously paid, the beneficiary is entitled primarily to the face of the certificate subject to any charges that might be made against it; and it is incumbent upon the association to plead and prove the amount of such charges.

Same: CHANGE IN BY-LAWS: EFFECT.   The rights of a beneficiary under a certificate of insurance can not be affected by a change in the by-laws made after his rights had accrued.

*Appeal from Dallas District Court.*—HON. EDMUND NICHOLS, Judge.

THURSDAY, JUNE 16, 1910.

SUIT on a benefit certificate.   Judgment for the plaintiff.   The defendant appeals.—*Affirmed.*

*J. A. Merritt,* for appellant.

*Ira J. Bell, H. G. Giddings,* and *W. H. Winegar,* for appellee.

SHERWIN, J.—The plaintiff held a benefit certificate in the order of the Knights and Ladies of the Golden Precept until that order was consolidated with the appellant.   In the consolidation of the two orders the appellant assumed the obligations of the former, but with the provision, however, that "each of said certificates shall be charged with the amount which each of said members would pay during his expectancy of life as shown by the American Experience Tables of Mortality based upon his age at the time of entry and shall be credited with all payments made by the member during the membership." The certificate issued to the plaintiff by the Knights and Ladies of the Golden Precept entitled her beneficiary to death benefits in the sum of $1,000, and to one-half of that amount in case of total and permanent disability. The plaintiff pleaded total and permanent disability on

account of sickness. The appellant's answer admitted the issuance and assumption of the certificate, denied the disability alleged, and pleaded the provision for scaling the certificate. It also pleaded a provision of the certificate to the effect that no action except in equity should be maintained against the association to enforce any of the provisions of the contract.

The original petition was filed herein on the 2d day of February, 1909. This was assailed by various motions, and on the 19th day of March a substituted petition was filed. On the 25th day of March the defendant answered and on the same day filed a motion to transfer the cause to the equity docket for trial. This motion was overruled on the 1st day of April, and the cause was then assigned for trial on April 5th. April 2d the defendant filed a motion for a continuance over the term on account of the illness of one of the attorneys, filing therewith an affidavit of J. A. Merritt, who had been an attorney in the case since its inception, which alleged that Mr. Ira J. Bell, of Springfield, Ill., was the chairman of the defendant's law committee and its regular attorney and the principal attorney in the case; that said Bell was expected to try the case and had it in charge; and, further, that he was a material witness for the defendant.

A continuance was refused upon condition that plaintiff admit that Bell would testify as set forth in the affidavit, which admission was made, and 1. TRIAL: continuance: absent witness. the case proceeded to trial without the prescense of Mr. Bell. We think there was no abuse of discretion in the order.

A suit on the same claim was brought a year before, and Mr. Merritt was the defendant's attorney of record 2. SAME: absence of attorney: discretion. therein. The facts in the case were evidently fully investigated by him at that time. Mr. Bell was also present and in consultation with Mr. Merritt, and their efforts in behalf of the

appellant resulted in a dismissal of the first suit. The affidavit of Mr. Merritt did not say that he was unprepared or unable to properly try the case without the presence and assistance of Mr. Bell, and the whole record shows that the case of the defendant was fully and ably presented by Mr. Merritt and his associate, Mr. D. H. Miller.

The motion to transfer to the equity docket because of the nature of the action was properly overruled. The contract does not provide that payment thereunder shall

3. BENEFICIAL INSURANCE: action upon certificate: money judgment.

be made from the proceeds of the assessment. It says that "in the event of her death . . . her beneficiary shall receive an amount equal to the mortuary proceeds of one assessment not exceeding the sum of $1,000." Under this contract the amount to be paid was $1,000 unless an assessment would not yield that amount (*Thornburg v. Life Association,* 122 Iowa, 266) and the beneficiary is entitled to a money judgment, and for the amount named, unless the association shows that at the time of the death an assessment of its membership would not have yielded such sum (*Wood v. Farmers' L. Ass'n,* 121 Iowa, 44; *Hart v. Ass'n,* 105 Iowa, 717; *Thornburg v. Ass'n, supra*). The appellant makes no claim that the cause should have been transferred to equity because of the stipulation in the contract to which we have already referred.

The provision in the contract of assumption that the plaintiff's certificate shall be charged with the amount which each of the members would pay during his expectancy

4. SAME: deductions from face of certificate: burden of proof.

of life as shown by the mortuary tables was pleaded by the defendant; but no proof seems to have been offered on the subject. Appellant now claims that it rested upon the plaintiff to show the amount she would be entitled to under such scaling provision. By the terms of her contract with the appellant, she was to pay the same rates which she had theretofore paid, and it was only in case she did not live

out her expectancy of life that her certificate was to be charged with any amount. Primarily, she would be entitled to the face of the policy, and this amount could only be reduced or changed by proof that it fell under some exception to the rule. In other words, if a proper charge might be made against the certificate, it was incumbent upon the defendant to so plead and prove. The instant case is not similar to *Congower v. Ass'n,* 94 Iowa, 499, and is therefore not ruled by the holding there.

After the plaintiff had become disabled and made a claim for such disability, the defendant amended its by-laws by defining what "total disability" meant. The plaintiff's rights could not be affected by a change in by-laws after such rights had accrued. But the question does not seem to be a material one here, for under the instructions given there can be no complaint.

5. SAME:
change in
by-laws:
effect.

The evidence seems to support the verdict and the judgment should be *affirmed.*