## John I. Maloney, Administrator, Appellee, v. North American Union, Appellant.

### Gen. No. 17,043.

1. FRATERNAL BENEFIT SOCIETIES—*member not in good standing.* Where a *prima facie* case has been made out on a certificate issued by a fraternal beneficiary society which was thereafter merged with another, by proving the certificate, the contract between the two organizations and the death of the member before suit brought, etc., the fact that the deceased was not a member in good standing of the original society at the time of transfer, if not pleaded as a defense and shown to be a fact by defendant, does not bar recovery.

2. FRATERNAL BENEFIT SOCIETIES—*amount payable.* Where a certificate issued by a fraternal beneficiary society provides that on the death of the member assured a sum not exceeding $1,000 will be paid to the beneficiary, it is incumbent on the society to show that the mortuary proceeds of one assessment at the time of death of such member would not have yielded the full amount.

3. FRATERNAL BENEFIT SOCIETIES—*merger of societies.* Where an insurance society takes over the assets of another, the former will be held to have assumed the obligations of the latter.

4. APPEALS AND ERRORS—*harmless error.* Where plaintiff introduces a letter in evidence over defendant's objection, and after its being admitted and read by the jury is permitted to withdraw it, defendant is in no position to complain of the withdrawal.

5. PLEADING—*plea of general issue covering matter specially pleaded.* Where a defense set forth in a special plea can be shown under a plea of the general issue, demurrer is properly sustained.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 4, 1913. Rehearing denied March 18, 1913.

R. E. HAMILTON, for appellant.

JOSEPH J. THOMPSON, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellee as plaintiff against the appellant as defendant, upon a certificate issued by the Modern Aztecs, a fraternal beneficiary society of this state, which after the issuance of the certificate was merged with the defendant. The contract of merger provided that all members of the Aztecs in good standing at the time of the contract was entered into, who signified their compliance with the requirements of the merging contract, either in writing or by payment to the defendant of the sum required to cover the amount of one monthly payment in full, should be regarded as members of the defendant society, and the defendant society should be liable for all losses caused by the death of such members.

There was proof tending to show that all payments were made to the Modern Aztecs to the time of the consolidation as they fell due, and also proof tending to show that the defendant had accepted dues from the member after the consolidation.

There was a trial before the court and a jury, the jury finding a verdict for the plaintiff for the amount of $1,000 upon which judgment was rendered. Several pleas were filed to the declaration, to three of which demurrers were sustained, as we think properly. The matter set up in them could be shown under the plea of the general issue. In our opinion, also, the declaration set forth a cause of action, and plaintiff made a *prima facie* case by proving the certificate, the contract between the two organizations, the death of the member before suit brought, etc. *Prima facie* proof thus having been made, if it was a fact that the deceased was not in good standing with the original company at the time of the transfer to the defendant, that should have been pleaded as a defense and shown to be a fact by proof. Brown v. Mutual Reserve Fund Life Ass'n, 224 Ill. 576. The case cited is also authority for the proposition that when an insurance society takes over the assets of another the former will be held to have assumed the obligations.

The certificate issued by the Modern Aztecs, after reciting that Owen T. Maloney had been regularly admitted to the annuity class as a member of a certain council, recites that "in accordance with and under the provisions of the laws of the Supreme Council of the Modern Aztecs, he is entitled to all the rights, benefits and privileges of membership therein, and that at his death a sum not exceeding One Thousand Dollars will be paid to Ellen Maloney, bearing relation to him of Mother," etc.

A report of the supreme secretary of the Modern Aztecs was put in evidence by the defendant. It is argued it was thus shown that the value of the certificate when said member (Owen T. Maloney) died was $752.41, and it is insisted that that is the maximum amount which should have been allowed by the jury, inasmuch as the certificate read, "not exceeding the sum of One Thousand Dollars." The Supreme Court of Iowa held (Wasson v. American Patriots, 148 Iowa,

142) in construing a somewhat similar contract containing the words, ''her beneficiary shall receive an amount equal to the mortuary proceeds of one assessment not exceeding the sum of $1,000,'' that it was incumbent upon the defendant to show that an assessment at the time of the death of the member would not have yielded the full amount of $1,000. We think this a proper construction of the contract. No attempt was made to prove such a fact in the case under consideration, except the report referred to and that was not sufficient.

The court excluded evidence offered by the defendant, being a portion of the proofs of death, which contained the statement of a physician that death was caused by alcoholism. This proof related to no issue presented in the case, and we think the action of the court was proper.

The court also permitted the withdrawal by the plaintiff of a letter previously offered in evidence by him, which had been admitted and read to the jury. We do not find that the letter would have been harmful to the defendant if allowed to remain in evidence, and the defendant is in no position to complain of its withdrawal after having itself objected to its introduction.

The judgment will be affirmed.

*Affirmed.*