United Woodman Benefit Assn. *v.* Ivy.

[73 South. 564, Division A.]

1. INSURANCE. *Mutual benefit insurance. Liability. Appeal and error. Record. Presumption.*

Under a mutual benefit insurance policy, providing for the payment of a sum equal to the total assessments of members who shall meet their assessments and not to exceed one thousand dollars, the liability is *prima-facie* one thousand dollars and in case of a suit on such policy the burden of proof would then rest upon the association, in the event it desired to reduce the amount claimed by the insured under the policy, to allege and prove that the sum collected from its members by the assessment was less than one thousand dollars, since such fact is peculiarly, within the knowledge of the officers of the benefit association.

2. INSURANCE. *Mutual benefit insurance. Liability.*

In a suit on such a policy the declaration for recovery thereon need not allege failure or refusal to make the assessment, or that if the assessment were made the full amount would have been collected.

3. APPEAL AND ERROR. *Record. Presumption.*

In an action on a mutual benefit policy if it was necessary to produce the original policy, on appeal this will be presumed to have been done, where the record by bill of exceptions or otherwise fails to show that the policy was not produced on the trial.

APPEAL from the circuit court of Monroe county.

HON. CLAUDE CLAYTON, Judge.

Suit by Emma Ivy against the United Woodman Benefit Association. From a judgment by default for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Paine & Paine,* for appellant.

Under the law in our state it has always been held that a judgment is void upon a claim for unliquidated damages or for a sum not certain or unliquidated or

for an amount contingent upon certain facts to be determined or upon a bond with conditions annexed when the declaration alleges special breaches, unless a writ or inquiry has been awarded and a jury empaneled to assess the damages according to the evidence.

See *Russell* v. *McDougal,* 3 Smedes & Marshall, 234; *Jenkins* v. *Wilkerson,* 76 Miss. 368; *Grover* v. *Gaunt,* 6 Smedes & Marshall, 317; *Boykin* v. *State,* 50 Miss. 375; *York, Admr.,* v. *Crawford, Admr.,* 42 Miss. 508. We refer the court also to the additional authorities to-wit: Sec. 811, Code of 1906, State of Mississippi; 23 Cyc., page 761; letter c top of page 762; 23 Cyc. page 765, division 7; 23 Cyc., page 760, division 4; 6 Ency., Pleading & Practice, pages 132, division "e" and note "6;" 6 Ency. Pleading & Practice, page 136, division "6." Under these authorities the law seems to be well established that in a suit as the one at bar, when the amount due is uncertain or unliquidated and contingent, that a default judgment is void unless the actual amount due is ascertained by writ of inquiry. Appellee may contend that the fact pleaded constitutes a cause of action and the effect of the default is to establish it definitely; but this is not the rule of law but on the contrary the rule of law is this to-wit:

"That all matters well pleaded and essential to judgment are admitted. But the defendant's default does admit plaintiff's allegations of value or amount. These are to be proven before judgment can be taken; the burden of proof as to the amount for which default shall be taken rests upon the plaintiff."

See 6 Encyc. Pleading & Practice, pages 116-128-129. So we respectfully submit that on this assignment of error the case should be reversed.

As to the second assignment of error we say the failure by appellee to offer the original policy or to account for its loss or destruction is fatal error neces-

sitating a reversal of this cause. In the case of *Vickery, et al.* v. *Rester*, 4 Howard 293, a default judgment was taken in an action on a promissory note without producing the note, and the court held as follows, quoting from page 294 the opinion of the court:

"The long established practice of our courts is in favor of the principle assumed by the plaintiff in error. Although there is a judgment by default in an action on a note or bond, unless sued on as a lost instrument the courts will not permit a judgment to be taken. The note should be produced and filed not only for the purpose of seeing whether there are credits endorsed but for the sake of propriety and for the benefit of the defendant."

In the case at bar it affirmatively appears from the record that the original policy was not produced in court and filed. See the certificate of the clerk on page 10 of the record. The reason of the rule requiring the production of the writing before the tribunal is found in 2 Wigmore on "Evidence," sections 1179 and 1185, to which we refer the court.

We submit in conclusion that the default judgment in this case is void and should not have been given appellee; and that the court also committed error in permitting the default judgment to be taken without the production of the original policy sued on. Either assignment of error is sufficient to cause a reversal. And for which we respectfully submit that the case should be reversed and remanded.

*J. A. Sykes,* for appellee.

In the case at bar, the certificate of insurance sued upon provides that the insurance company will pay to the beneficiary named in said certificate on the death of the insured, etc. "A sum equal to the total assessment of the members of the U. W. B. A. who

shall meet their assessments, not to exceed one thousand dollars.''

When, therefore, appellee, the beneficiary, filed in the court below, the proper declaration on this insurance certificate and properly obtained service on the appellant company, she thereby made out a *prima-facie* case of her right to recover the full face value of her certificate, and the burden of proof was upon the appellant to show that conditions existed which limited her right of recovery to a smaller sum. The certificate entitled her to $1000—they had made a partial payment of $50, and she credited this amount in the declaration—if the total assessment of the members who paid this assessment amounted to that much.

The number of members who did in fact pay this assessment was a matter peculiarly with the knowledge of the appellant, and appellee did not even in her declaration in the court below, have to allege that a number of members sufficient to make her benefit $1000 paid their assessments.

In *Metropolitan Safety Fund Accident Association* v. *Windower* (Ill.), 27 N. E. 540, the certificate was for fifteen hundred dollars, but provided that: ''In case the amount realized from one full assessment of all the certificate holders liable should be insufficient to pay the face value of this certificate when, by reason of death, it shall become a claim, then the beneficiary herein shall accept the result of such assessment . . . as payment in full of all claims against the association under this certificate of membership.''

The beneficiary sued to recover the full face value of the policy. The court in its opinion sets out in full one of the propositions of plaintiff's attorneys, which I copy below as follows:

''By the terms of said certificate, if a cause of action has accrued by reason of the death of said member, the plaintiff is entitled to recover the full sum of fifteen hundred dollars mentioned therein unless the de-

112 Miss.—32

.fendant has shown by its pleadings and proof that the amount which would be realized by one full assessment on all certificate holders liable would have been insufficient to pay the face value of the certificate; that the proviso quoted in the membership above is a condition subsequent, and that it is incumbent upon the defendant, in order to avail itself of said proviso, to show the existence of the facts upon which it is to become entitled to the benefits thereof; that the burden is therefore on the defendant to prove that the amount realized by one full assessment of all the certificate holders liable would have been insufficient to pay the face value of the certificate, and unless that fact is shown by a preponderance of the evidence, the amount of plaintiff's recovery should be the face value of the certificate and interest.''

The court in commenting on the above proposition says this: ''We are unable to perceive any substantial error in the proposition thus held to be the law.'' Further on in its opinion on this proposition the court lays down the law, thus, viz:

''The amount to be recovered is a sum fixed and liquidate by the contract, viz: fifteen hundred dollars subject to reduction by such sums as may have been paid to the member during his lifetime by way of weekly indemnity, and also in case it turns out that one full assessment of all certificate holders liable would fail to realize that full sum, subject to reduction by the amount of the deficiency. It also follows, as a legal proposition that the burden of establishing these reductions is on the defendant. The clauses by virtue of which it becomes entitled to them are manifestly inserted in the certificate for its benefit and protection. The plaintiff by producing the membership certificate in evidence and proving such collateral facts as are sufficient to show that a cause of action has accrued thereon by reason of the death of the member, makes out a *prima-facie* case of the right to recover the full face

value of the certificate, and the burden is on the defendant to show that conditions exist which limit the right to a smaller sum." *Supreme Lodge, Knights Of Pythias Of The World* v. *Knight* (Ind.), 3 L. R. A. 411; *Peoples Mutual Benefit Society* v. *McKay*, 141 Ind. 415, 39 N. E. 231; *Lawler* v. *Murphy*, 85 Conn. 294, 8 L. R. A. 113; *Nerskin And Another* v. *Northwestern Endowment And Legacy Association of Minnesota*, 30 Minn. 406, 15 N. W. 683; *Woodmen Of The World* v. *Wright* (Ala.), 60 So. 1006; *Mason Frat. Assoc.* v. *Riley*, 65 Ark. 261, 45 S. W. 684; *Thornburgh* v. *Farmers' L. Assn.*, 122, 260, Ia. 98 N. W. 105; *Wood* v. *Farmers' Assoc.*, 121 Ia. 44, 95 N. W. 226; *Hart* v. *Nat'l Mas. Acc. Assn.*, 105 Ia. 717, 75 N. W. 508; *Supreme Commandery KG. R.* v. *Barrett*, 12 Ky. L. Rep.——; *Supreme Commandery etc.* v. *Everding*, 20 Ohio Cir. Ct. 689, 11 Ohio Cir. Dec. 419; *Frame* v. *Camp W. O. W.*, 67 Mo. App. 127; *Kehrbaum* v. *Kegal* 17 Misc. 635, 40 N. Y. Supp. 589; *Cushman* v. *Family Fund Soc.*, 13 N. U. Sup. 428; *Chaffey* v. *Equitable & C. Ass'n*, 2 N. Y. Sup. 481; *Merin* v. *Aid Assoc.*, 147 N. Y. Sup. 440; *Prudential Mut. Aid Soc.* v. *Cromleigh*, 3 Walk. 332.

The answer is obvious—none—consequently the empanneling of a jury to find the amount due would have been a vain thing—,the law never requires the doing of a vain thing. Counsel for appellant in their brief cite in suport of their contention on this point: *Russel* v. *McDougal*,—3 S. & M. 234; *Grover* v. *Gaunt*, 6 S. & M. 317; *York, Admr*, v. *Crawford*, 42 Miss. 508; *Boykin* v. *State*, 50 Miss. 375.

The court will see from an examination of the above authorities that they were suits on bonds—mostly, if not all, on bonds with conditions annexed where special breaches are alleged. I submit these cases are, not applicable to the case at bar. Counsel also cites: 23 Cyc. page 761, letter C; 760, Div. 4, 765, Div. 7; 6 Ency. Pleading and Practice, page 132, Div. e and note 6.

These last citations have reference to suits for unliquidated damages, etc., and, I submit, have no bearing on the case at bar, as this is a case for the recovery of a definite sum.

In conclusion on this proposition, I submit that the action of the court in this regard was exactly correct, that he did not err, and that he should be affirmed thereon.

Appellant's second assigment of error is as follows: "The court erred in entering the default judgment without having the original certificate sued on filed in the cause and presented to the court before the judgment was entered."

Appellant in his brief argues this question under the letter "B" which subdivision I have used here for the convenience of the court. I shall deal with this subject, however under two subheads of my own viz: 1st: Assuming that the original certificate was not introduced or filed—under our statute, it was not necessary to do either; the record does not affirmatively, or in any other manner, show that this original certificate was, or was not introduced—hence the presumption of law is, that it was introduced and filed, if such was necessary. *Gale* v. *Lancaster,* 44 Miss. 416; *Blackwell* v. *Reid & Co.,* 41 Miss. 103; *Hamer et al.* v. *Rigby,* 65 Miss. 44; *Insurance Co.* v. *Holmes,* 75 Miss. 390; *Montgomery* v. *Hanover Bank,* 79 Miss. 443.

SMITH, C. J., delivered the opinion of the court.

Appellee instituted this suit in the court below to recover of appellant upon an insurance policy by it, which provided for the payment to appellee upon the death of the insured of "a sum equal to the total assessments of the members of the U. W. B. A., who shall meet their assessments for the benefit of said member, and not to exceed the sum of one thousand dollars." At the trial a judgment by default was rendered, awarding

appellee the sum of nine hundred fifty dollars plus interest; she having admitted in her declaration the payment to her of fifty dollars upon the amount due under the policy. The appeal is from this judgment; and the first assignment of error is, that the court erred "in permitting a default judgment to be taken without introducing any evidence at the hearing as to the actual amount due, and without having had a writ of inquiry first issued to determine the amount actually due on said contract. On account of all of which the judgment is void."

It seems to be admitted by counsel for appellant, and all of the authorities which have come under our observation hold, that if the promise in the policy here in question had been to pay appellee the sum of one thousand dollars or so much thereof as may be realized from one assessment of all the members of the U. W. B. A., *prima facie* the amount due would be one thousand dollars and the burden would then rest upon the appellant, in event it desired to reduce the amount claimed by the insured under the policy, to allege and prove that the sum collected from its members by the assessment was less than one thousand dollars. One of the reasons given by the courts for so holding is that the facts relative to the assessment and the sum of money realized therefrom are not known to the beneficiary in the policy, but are peculiarly within the knowledge of the officers of the benefit association. This reason applies with equal force here.

Moreover, such a provision in a policy is identical in effect with the one here in question; the apparent difference between them being caused by reason of the fact that the two are couched in different language. A promise to pay one thousand dollars or so much thereof as may be collected from certain persons, is exactly the same in effect as a promise to pay such sum as may be collected from certain persons not to exceed one thousand dollars. We are of the opinion, therefore, that

the *prima facie* value of the policy in question is one thousand dollars. While there are authorities to the contrary, this view is fully supported by *People's Mutual Benefit Society* v. *McKay*, 141 Ind. 415, 39 N. E. 231, 40 N. E. 910; *Association* v. *Houghton*, 103 Ind. 286, 2 N. E. 763, 53 Am. Rep. 514; *Lawler* v. *Murphy*, 58 Conn. 294, 20 Atl. 457, L. R. A. 113; *Supreme Council, etc.*, v. *Anderson*, 61 Tex. 296; *Lueders' Ex'r* v. *Hartford Life Annuities Ins. Co.* (C. C.), 12 Fed. 465.

As pointed out by counsel for appellant, the declaraation "does not allege a failure or refusal to make the assessment, that if such assessment had been duly made it would have resulted in the collection of the full amount called for by the certificate and claimed that sum or damages for such failure or refusal." This allegation was unnesessary, for, as we have pointed out, the *prima-facie* value of the policy is one thousand dollars and if appellant desired to show that the amount due in fact is less, allegation and proof thereof devolved upon it.

The second assignment of error sets forth that the court erred "in permitting a default judgment to be entered for appellee without having the original policy sued on offered in evidence or its loss or destruction accounted for."

A copy of the policy sued on was filed with the declaration, but it does not appear from the record whether or not the original thereof was produced at the trial and filed with the papers in the case. The only case cited in support of this assignment of error is *Vickery* v. *Rester,* 4 How. 293, wherein it was said that where a judgment by default is rendered in a suit upon a promissory note, under "the long-established practice of our courts, . . . the note should be produced and filed, not only for the purpose of seeing whether there are credits indorsed, but for the sake of propriety, and for the benefit of the defendant."

Leaving out of view any change which may have been made in the rule announced in that case by the enactment of sections 734 and 735 of the Code, as to which we express no opinion, this assignment of error cannot be sustained, for the reason that if we assume that the long-established practice of our courts referred to includes all written instruments sued on, it does not affirmatively appear from the record, by bill of exceptions or otherwise, that the policy was not produced on the trial; consequently, we must assume that it was, conceding for the purpose of the argument that it was necessary for this to have been done. *Vickery* v. *Rester, supra, Biles* v. *Wolf*, 49 So. 267; *Wanita Mills* v. *Rollins*, 75 Miss. 253, 22 So. 819.

*Affirmed.*

SYKES, J., having been of counsel in the court below, took no part in the decision of this case.