## W. C. Goodall, Charles F. Merker and W. J. Miller, Appellants, v. Silas Cook, William P. Launtz, John J. Weis, J. A. Goodall and Bankers Accident Insurance Company, Appellees.

1. INSURANCE—*how transfer of risks may be made in mutual company.* Where a bill for injunction was filed by certain members of a mutual accident and sickness insurance company against the majority members of its board of directors, charging conspiracy to reinsure and transfer the risks held by the company in order to enable said majority members to convert the assets of said company to their own use, and a temporary injunction was issued thereon, *held* that the officers of such company did not possess the powers necessary to make such transfer of risks, as it could only be done under the statute (J. & A. ¶ 6564) by a two-thirds vote of the members and submission of the reinsurance contract to the meeting including all of the members, and such bill was without equity, and the court was without jurisdiction to issue the injunction.

2. INSURANCE—*provisions of statute relative to transfer of risks in mutual company as part of contract of transfer.* The provisions of the statute with reference to the transfer of members or risks in a mutual insurance association (J. & A. ¶ 6564) enter into and become a part of the contract of transfer just the same as though the provisions of the statute were written into the articles of transfer.

3. EQUITY, § 23*—*what court may not determine upon dismissing bill for want of equity.* Where in a suit for an injunction by certain members of a mutual accident and insurance company against the majority members of its board of directors, charging conspiracy to reinsure and transfer the risks held by the company, in order to enable such majority members to convert the assets of the company to their own use, the bill for injunction was dismissed for want of equity and a temporary injunction issued thereon dissolved,. *held* that the court had no jurisdiction then to go on and undertake to determine who was president of the company or to enter an order undertaking to dispose of the company's personal property where the bill contained no basis for such an order.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed in part and reversed in part with directions. Opinion filed November 13, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JAMES O. MILLER, for appellants.

M. MILLARD and DAN MCGLYNN, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

At the January Term, 1916, of the City Court of East St. Louis, appellants, for themselves as members of the Bankers Accident Insurance Company, and for the benefit of all other members who might join, filed their bill of complaint asking for an injunction against appellees, setting up said company is a mutual association organized under the statutes of Illinois for insuring its members against disability due to accident and sickness; that it has members numbering about 3,700, and has assets of $20,000; that it is managed by a board of seven directors, consisting of appellees and Albert Diehm, Edmund Goedde and appellant W. C. Goodall; that the appellant W. C. Goodall was president and had the active management of the affairs of said association until the acts of appellees hereinafter complained of; that appellees conspired to reinsure the members of the said company in another company with a secret commission to themselves; that appellees, in pursuance of the plan to reinsure, found it necessary to eliminate appellant W. C. Goodall from the management of the association; that appellees through said Albert Diehm represented to said W. C. Goodall that certain changes were desired in the by-laws which at that time required unanimous consent, and that because of the strained relations between appellee J. A. Goodall and appellant W. C. Goodall one or the other would object and prevent the desired changes in said by-laws; that upon this representation of appellees, the resignation of appellant W. C. Goodall as president was given on August 25, 1915; that the by-laws were amended as desired in October without objection from

appellant and that he continued the management thereafter with the consent of appellees, but that the resignation was not returned; that thereafter, on the 26th day of November, at a regular meeting of the board, appellees, being a majority of the board of directors, voted to accept the said resignation of appellant W. C. Goodall; that following the action of the board, appellees locked appellant out of the office of the association and notified the agents and others that said W. C. Goodall was no longer in charge of the business of said company; that an illegal meeting of the board of directors was held on November 29th, entirely without notice to the said W. C. Goodall, and that a pretended election was had of appellee Silas Cook as president; that said directors refused to rescind their pretended election of Cook or permit said Goodall to perform his customary duties of president.

The bill further charges that appellee J. A. Goodall negotiated with the Washington Life and Accident Company and the Clover Leaf Casualty Company for reinsuring the members of the Bankers, and that the interests of the members would be jeopardized by the reinsurance of the Bankers and by the elimination of appellant W. C. Goodall from the management of the association.

The bill concluded with a general prayer for summons and an injunction.

The chancellor ordered the issuance of a temporary writ of injunction as follows: "Therefore, by these presents, we command you and each of you to desist and you are hereby enjoined and restrained from making any contract for the reinsurance of the members of the Bankers Accident Insurance Company, providing for a commission or gratuity for themselves, or either of them, either directly or indirectly, and from interfering with W. C. Goodall in the discharge of his duties as president of the Bankers Accident Insur-

ance Company, and that Silas Cook is hereby restrained and enjoined from presiding at members' or directors' meetings of said Bankers Accident Insurance Company until further order of the court in the premises."

Appellees filed an answer denying all of the material allegations of the bill and averred that about June, 1915, dissensions arose between the president, W. C. Goodall, and the secretary, J. A. Goodall, that threatened the destruction of the company's business; that the board on November 26th, accepted the resignation of W. C. Goodall theretofore tendered; that the resignation of said W. C. Goodall was not obtained by any misrepresentation, misstatement, promise or inducement, but that the resignation was obtained and demanded for the sole and only reason that the dissensions of the president and secretary threatened to destroy the business of the company, and that the interests of the company required such action. Formal replication was filed to the answer, and said cause was heard upon the merits.

At the conclusion of complainants' evidence, appellees moved to dissolve the injunction and dismiss the bill for want of equity. Thereupon the chancellor made the following findings: "That the resignation of W. C. Goodall as president was tendered and accepted by the board of directors on the 26th of November, 1915, and that thereafter he ceased to be president; that J. A. Goodall had not negotiated with the Washington Life and Accident Company for the reinsurance of the members of the Bankers without the knowledge and consent of the other defendants; that the resignation of W. C. Goodall was voluntarily given; that there was no equity in the bill and that the complainants wholly failed to establish the averments of the bill and that the injunction was improvidently issued without any grounds therefor, and entered an order dissolving

the injunction and dismissing the bill for want of equity.''

Thereupon appellees filed a motion for an order of restitution of the effects and property of the Bankers Accident Insurance Company. Over the objection of appellants the chancellor heard testimony as to the property said to be in the possession of the appellants under the writ of injunction. After a hearing on said motion, the chancellor found that at the time of the service of the writ upon him that Silas Cook was in possession of the effects of the Bankers as president and that in obedience to the command of the writ he surrendered possession to W. C. Goodall, and it was ordered that said W. C. Goodall restore the possession of the effects of said company to Cook as president; that in event of his refusal to so turn over the effects that a writ of restitution issue to the sheriff to put said Cook in possession thereof, and that the bill be dismissed for want of equity.

It is first contended by appellants that the court erred in dissolving the temporary injunction issued in this case and in failing to make the same perpetual.

The theory of appellants being that J. A. Goodall, the secretary, and who was also one of the directors, and certain other of the directors were attempting to reinsure and transfer the risks held by the Bankers Accident Insurance Company in order to enable them to convert the assets of said association controlled by them as its officers to their own use. The evidence in the record in our judgment does not bear out this contention, and even if it did, under the statutes of this State governing the transfer of risks of the character held by the above named association, the officers of the association do not possess the power necessary to make said transfer. The transfer can only be made under the provisions of the statute by a two-thirds vote of the members holding certificates in said association.

Section 245 of chapter 73, Hurd's Revised Statutes 1913 (J. & A. ¶ 6564), provides as follows: "No such corporation under the laws of this State shall transfer its risks to, or reinsure them in any other corporation, unless the contract of transfer or reinsurance is first submitted to and approved by a two-thirds vote of a meeting of the insured, called to consider the same, of which meeting a written or printed notice shall be mailed to each member, certificate or policy holder at least thirty days before the day fixed for such meeting. If such transfer or reinsurance shall be approved, every member, certificate or policy holder of the corporation, who shall file with the secretary thereof, within ten days after the meeting, a written notice of his preference to be transferred to some other corporation than that named in the contract shall be accorded all the rights and privileges, if any, in aid of such transfer as would have been accorded under the terms of such contract, had he been transferred to the corporation named therein."

It requires a two-thirds vote of all the members, after notice, to transfer the risks to some other company, and the reinsurance contract must be submitted to the meeting and include all of the members. *Bolles v. Mutual Reserve Fund Life Ass'n,* 220 Ill. 400; *Brown v. Mutual Reserve Fund Life Ass'n,* 224 Ill. 576.

The provisions of the statute with reference to the transfer of members or risks in an accident association of the character here involved enter into and become a part of the contract of transfer just the same as though the provisions of the statute were written into the articles of transfer. *Bolles v. Mutual Reserve Fund Life Ass'n, supra; Brown v. Mutual Reserve Fund Life Ass'n, supra.*

We are therefore of the opinion that appellees, as officers and directors of the Bankers Accident Insurance Company, had no power or authority to transfer

the risks covered by this association or to effect a rein-surance of the members of said association in any other organization. Such transfer could only be effected in the manner provided by statute, and the efforts of appellees to effect such transfer without sub-mitting the same to a vote of the members of said association would be ineffectual. The temporary in-junction sued out restraining appellees from making any contract for the reinsurance of the members of the Bankers Accident Insurance Company was therefore wholly unnecessary and the trial court was without jurisdiction to issue the same. Officers of an insurance corporation of the character here in question have the right to discuss questions of policy with regard to the management or control of the business of such associa-tion, even to the extent of the question of the advisa-bility of consolidating it with another association of the same character or the advisability of reinsuring the risks held by the association represented by them in a different insurance association. These are mat-ters that usually precede submitting the question of consolidation or the transfer of risks to a vote of the members of the association. The acts of appellees in this case, we think, as shown by the record, would not warrant the conclusion that they were intending to violate the provisions of the statute or were attempt-ing to transfer the risks of the Bankers Accident Insurance Company without first submitting that question to a vote of the members.

The next question which arises on the record in this case is as to the jurisdiction of the court to determine who were the officers of said Bankers Accident Insur-ance Company. The trial court after finding that the injunction should be dissolved finds that Silas Cook was the president of the Bankers Accident Insurance Company and that W. C. Goodall was not such presi-dent. When a bill is dismissed for want of equity, the

court ordinarily makes no findings of fact other than to find the equities with the defendants. We are inclined to the opinion in this case that there was no occasion for departing from that rule, and that the court's finding with reference to who was or was not rightfully the president of the Bankers Accident Insurance Company was not a proper finding.

It might be further observed that the injunction in this case was not served until the 13th day of January, 1916, and on that day the members of the company held elections for the purpose of electing directors and officers of said association, and the question who was or was not the president of said association prior to that time is not a very vital question in this case.

The next question raised by the assignment of errors is whether the court in dissolving the injunction and dismissing the bill for want of equity should have entered an order requiring W. C. Goodall to return to Silas Cook the property of said association. It is contended by appellants that it is the duty of a court of equity, when it has jurisdiction of a cause, to make a complete decision upon all points before it. This proposition we concede to be correct, but the court in this cause, having dissolved the temporary injunction issued by it and dismissed the bill for want of equity, had no jurisdiction to then go on and undertake to determine who was the president of the board of directors of said association. Neither had it jurisdiction to enter an order undertaking to dispose of the possession of the personal property of said association.

It might be further observed that there is nothing in the bill on which to base an order of that character. The bill was solely a bill for injunction, and the temporary injunction which had been granted by said court did not undertake to dispose of the possession of the personal property in question. There was there-

fore no basis for the contention that the court, after having dissolved the injunction and dismissed the bill for want of equity, should then have a hearing in reference to the custody of the personal property and to enter an order disposing of the same. If appellants are wrongfully withholding any of the personal property of said association from the proper authorities, the law affords an ample remedy to regain possession thereof, and the remedy should be sought there.

The order, therefore, will be that the judgment of the City Court dismissing the bill for want of equity and dissolving the injunction be affirmed. The order designated an order of restitution will be reversed and cause will be remanded with directions to vacate said order of restitution.

The costs of the appeal in this case will be equally divided between appellants and appellees.

*Affirmed in part and reversed in part with directions.*