Ralph McFarland, Plaintiff in Error, v. North America Benefit Corporation, Defendant in Error.

Opinion filed June 5, 1929.

ROBERT FERDINAND TUNNELL, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error sued upon two certificates of insurance, each for $1,000, issued to the mother of plaintiff in error and payable to him upon her death. The declaration averred the issuance of the certificates, payment of all assessments by the insured, the death of the insured, the furnishing of proofs of death and the failure and refusal of defendant in error to pay the same. Upon the trial of the case the jury returned a verdict for $2,175, and a motion for a new trial was overruled.

Thereupon defendant in error moved in arrest of judgment and the motion was allowed and the suit dismissed at the costs of plaintiff in error. The motion in arrest was to the effect that the contracts and by-laws set out as a part of the declaration, or referred to therein, said that all payments by any member are voluntary for the purpose of aiding members; that any benefit mentioned in the contracts or by-laws are only payable upon being collected from the members, if the amount is not already on deposit in the reserve; that the total liability shall not in any case exceed the sum of $1.00 for each member in good standing and shall not exceed the amount collected from the remaining members of the class of which the insured was a member; that the declaration does not aver that there is any fund on reserve, nor does it state that an assessment has been made, nor that there are any living

members who may be assessed; that the only judgment that could be rendered would be an order that the directors spread an assessment against the members in the class to which the insured belonged, etc.

In the case at bar the certificates set out in the declaration contained this provision: "And in the event of death of said member entitles Ralph E. McFarland, of Granite City, Illinois, named as beneficiary, to an amount not to exceed the sum of One Thousand Dollars," etc. Where certificates contained substantially the same language it was held that the amount due on the policy was prima facie the amount stated. It is almost universally held that if the insurer has not sufficient money in the reserve fund to pay the claim, or if a sufficient amount has not been collected from an assessment to pay the claim, those are matters of defense to be averred and proved by the insurer.

The following are some of the many cases which so hold: *Wasson v. American Patriots,* 148 Iowa 142; *Krogh v. Modern Brotherhood,* 153 Wis. 397; *United Woodmen Benefit Ass'n v. Ivy,* 112 Miss. 494, 73 So. 564; *Lawler v. Murphy,* 58 Conn. 294. In each of these cases the language of the certificate was, in legal effect, the same as those of the case at bar.

Where a certificate issued by a fraternal beneficiary society provides that on the death of the member assured a sum not exceeding $1,000 will be paid to the beneficiary, it is incumbent on the society to show that the proceeds of one assessment at the time of the death of such member would not have yielded the full amount. *Maloney v. North American Union,* 177 Ill. App. 658. In a suit on a benefit certificate providing for the payment of the amount thereof, if an assessment would yield that much, the damages are presumed to be the full amount of the certificate, in the absence of evidence that they are less because an assessment would not realize the full amount. *Covenant Mut. Life Ass'n v. Kentner.* 188 Ill. 431.

It necessarily follows, therefore, that the court erred in allowing the motion in arrest of judgment and dismissing the suit at the costs of plaintiff in error. The judgment of the court in that regard is reversed, and the cause remanded with directions to enter a judgment on the verdict.

*Reversed and remanded with directions.*